J. H. TATUM, *Appellant,* v. VERNON PRICE-WILLIAMS, *Appellee.*

1. Where there is evidence to support the findings of fact and a decree thereon, and no error is made to appear, the decree will not be disturbed on appeal.

2. Where one of the owners of property wrongfully excluded another owner from participation in the operation and benefits of the property, a decree that losses incurred in the operation of the property during such exclusion, should not fall

upon the excluded part owner, and that the excluded part owner was entitled to a rental value of his interest in the property while so excluded, will not be reversed where no error appears upon a consideration of the whole case.

*Mitchell D. Price,* for Appellant;

*Hudson & Boggs,* for Appellee.

WHITFIELD, C. J.—Vernon Price-Williams filed a suit in equity against J. H. Tatum and L. V. Dixon in the Circuit Court for Dade County. The bill of complaint alleges that on August 4th, 1906, the appellee, complainant below, purchased of R. C. McGahey an undivided half interest in a saw mill, and as co-partners they owned and operated the same; that without the knowledge or consent of complainant, J. H. Tatum, one of the defendants below, purchased the half interest of McGahey in the property; that Tatum sold to Dixon an interest in the saw mill, the extent of which is unknown to complainant; that Tatum and Dixon have operated and continued to operate said saw mill as R. C. McGahey & Company, "but have denied and refused complainant an accounting for the conduct and profits thereof and have refused and denied complainant access to the books of said business and have failed and refused to pay to complainant any part of the profits thereof." The prayer is for an accounting, partition, restraining orders and for a receiver. By answer Tatum averred facts to show that McGahey did not have a half interest in the business and that Price-Williams did not have a half interest therein. L. V. Dixon was appointed receiver. Testimony was taken by a master who found that about July 1st, 1906, McGahey and Tatum entered into a partnership agreement to own and operate a saw mill; that about November 19th, 1906, Vernon Price-Williams acquired the interest of McGahey; that

the interest of the said Vernon Price-Williams in said business on November 19th, 1906, was $1419.72, and the interest of Tatum was $778.29; that the business ceased to be a partnership on said date; that Tatum and Albert Ogle are not entitled to salary credits affecting the interest of Price-Williams; that Tatum after November 19th, 1906, excluded Price-Williams from any participation whatever in the management of said business and refused him access to the books &c.; that Price-Williams is entitled to interest on the value of his part of the saw mill bill business from November 19th, 1906, to March 15th, 1907; that the business was operated by the receiver at a loss of $835.09; that certain stated liabilities existed against the property, against the receiver and against Tatum.

Exceptions by the defendant to the findings of fact were overruled by the court; and an exception by the complainant to the finding that interest was due complainant for the use of his share of the saw mill was sustained.

The court decreed that on November 19th, 1906, Tatum and Price-Williams were equal owners in common of the property and business; that Tatum owed the business $641.82; that after said Tatum had excluded complainant from his rightful participation in the management of the business and had operated the same for his own use and benefit whereby Tatum further owed the business $63.60; that partition be had; that certain claims be paid interveners; that Tatum pay appellee $300.00, as rental value of complainant's part of business while he was excluded. Tatum appealed and errors are assigned on the exceptions overruled, on the exception sustained, and on the portions of the decree, that Tatum owes the business $641.42, that Tatum pay appellee $300.00, as

rent, and that Tatum excluded appellee from participation in the business.

The evidence in the transcript has been considered and there appear to be no material errors in the findings of fact and the rulings thereon of which the appellant may here rightfully complain.

The contention that the amount of appellant's interest in the business on November 19th, 1906, when the share of appellant's partner in the partnership was sold to appellee, was erroneously ascertained and decreed, has not been affirmatively sustained as there is evidence to support the findings and the rulings thereon. That appellant excluded the appellee from participation in the operation and benefits of the property is supported by the evidence, and the features of the decree that the losses incurred by the operation of the property while appellee was excluded from its management and benefit should not fall upon appellee, and that a rental indebtedness was due appellee by appellant who had the sole use and benefit of the property, do not appear upon a consideration of all the evidence to be erroneous.

The decree is affirmed.

All concur.