### MARY RAY GARRETT v. MABEL RAY POTTER

36 So. (2nd) 374
July 20, 1948

June Term, 1948
En Banc

*Futch & Futch,* for petitioner.
*Walter Warren,* for respondent.

TERRELL, J.:

E. B. Ray owned and occupied as his homestead lots 9 and 10, Block 1, according to the Plat of Kerl's second addition to Leesburg. Petitioner and respondent were the daughters of E. B. Ray who died December 27, 1939. His wife, Elizabeth Belle Ray, died November 30, 1945. In April 1948, petitioner filed her amended bill of complaint alleging that she and respondent now own the lands embraced in E. B. Ray's homestead as co-partners, that she supported her father and mother from July 1936 until the death of her father December 27, 1939, and that she supported her mother from the latter date till her death November 30, 1945, that she made all payments of principal and interest on a certain mortgage against said homestead, including taxes, insurance and the expense of upkeep, repair and improvements for the period she supported her father and mother and received no assistance from respondent.

The amended bill prays for partition of the homestead and for an accounting of the monies expended by petitioner for payment of principal and interest on the mortgage, for the payment of taxes and other monies which petitioner expended for the benefit of the said lands, and that respondent be required to make contribution to her of one-half the funds so expended from her portion of the lands sought to be partitioned. A motion to strike paragraphs three and four of the amended bill of complaint was granted. This is an appeal by certiorari under Rule 34 of the Rules of this Court.

The point for determination is whether or not the chancellor committed error in striking paragraphs three and four of the amended bill of complaint.

These paragraphs detail the claim of petitioner for support and maintenance of her father and mother, E. B. Ray and Elizabeth Belle Ray, the payments of principal and interest she made on the mortgage, including taxes, insurance and the upkeep on the premises. The striking of these paragraphs left nothing in the amended bill of complaint but the prayer for partition, against which there appears to be no resistance.

The theory of the motion to strike and the order granting it appears to be that petitioner should have asserted a lien on

the homestead for the sums so advanced, then she should have foreclosed the lien and have sought credit for the judgment in the partition suit. It is also contended that the motion to strike was correctly granted because petitioner did not offer to do equity by paying rent on the premises during the period it was occupied by her and her family when she claims she was supporting the father and mother.

The amended bill of complaint was instituted on the theory that E. B. Ray and his wife were completely destitute long before their deaths and that the advances by petitioner were made to save their home and to supply them with the necessities of life. They were alleged to be totally without income or the means of support and would have lost their home had petitioner not come to the rescue and saved it for them. We think the bill of complaint contained equity and the paragraphs in question should not have been stricken. If there are equities available to respondent she can set them up in her answer.

It may be that petitioner could have established and foreclosed a lien for her claim and that she could have offered it in the partition suit to be credited in her favor, but she did not elect to proceed this way and should not be held in error for proceeding as she did. To establish her claim by lien and foreclosure would have been the most tedious and expensive way and this was reason enough to elect the course she took. Her election was the realistic way and will settle the matter in one proceeding whereas the lien way will require two or more lawsuits. We are also of the view that she elected the practical way, the transaction ran over a long period of years, different items were involved, all of which could be contemplated in suit for accounting.

We think of no more expeditious way the matter could have been handled and this Court is committed to the theory that one may elect the remedy that is most expeditious, complete and adequate. Equity must necessarily proceed by rule but it will not permit justice to be over burdened, submerged or defeated by mechanical processes devised for its administration.

710

It follows that the chancellor committed error in striking paragraphs three and four of the bill of complaint so his judgment is reversed with directions to reinstate the amended bill and proceed accordingly.

Certiorari granted and the order appealed from is quashed.

CHAPMAN, ADAMS, BARNS and HOBSON, JJ., concur.

THOMAS, C. J., and SEBRING, J., dissent.