52 So.2d 115 (1951)
POTTER
v.
GARRETT.
Supreme Court of Florida, en Banc.
January 12, 1951.
Rehearing Denied March 9, 1951.
Walter Warren, Leesburg, for appellant.
T.G. Futch, Jr., Leesburg, for appellee.
TERRELL, Justice.
This is the second time we have been confronted with this case. It involves the homestead of E.B. Ray and the parties to it are his daughters. See Garrett v. Potter, 160 Fla. 707, 36 So.2d 374, in which we reversed the decree of the chancellor, striking paragraphs three and four of the *116 amended bill of complaint. The amended bill prayed for partition of the homestead and for an accounting of moneys advanced by petitioner to pay principal and interest on a mortgage against the homestead, for the payment of taxes and other moneys expended by petitioner for the benefit of the homestead, and that respondent be required to make contribution to petitioner of one-half the funds so expended from her portion of the lands sought to be partitioned.
When the mandate went down, defendant filed her answer. A motion to strike portions of the answer was granted and the chancellor entered his final decree. The portions stricken had to do with that part of defendant's answer, claiming rental of the plaintiff for occupancy and use of the homestead. The present appeal is from the final decree as amended. The major controversy in this appeal seems to grow out of a difference between counsel as to what this court decided in the former appeal.
The amended bill of complaint was filed on the theory that E.B. Ray and his wife were completely destitute long before they died and that certain advances by the appellee to pay principal and interest on the mortgage against the homestead, for payment of taxes, and other expenditures for the benefit of the homestead  evidently claim for support of the father and mother was abandoned  should be repaid to the extent of half the amount so expended and that a lien should be impressed on defendant's interest in the homestead to secure payment. It was alleged that the father and mother were totally without income, were destitute and that they would have lost their home if appellee had not come to their rescue and advanced the moneys for these amounts.
The main controversy in the former appeal was whether or not the correct procedure was followed. We held that notwithstanding a different proceeding might have been brought, the suit by partition was the most expeditious and adequate. We also held that there was equity in the bill of complaint and that if there were equities available to respondent, appellant here, she could set them up in her answer. She pursued that course and proffered her claim for a reasonable rental of the homestead for the period it was occupied by the appellee. We think the chancellor was in error for striking this portion of the answer.
From what was said in the former opinion, we think that its clear implication was that on the going down of the mandate the defendant would file her answer setting up any equity or other defense she may have. On the issues so made evidence should be taken and an accounting between the parties stated. We think appellee is entitled to reimbursement for one-half the money she paid on the principal and interest of the mortgage, for taxes and insurance and for other moneys she spent on essential improvements to preserve the property. The appellant is entitled to have credited against this amount one-half of such sum or sums as may be found to be a reasonable rental for the use of the property during the time it was occupied by appellee after the death of the last parent.
This was our holding in the former opinion, and the decree now under review is inconsistent with it.
So the decree is reversed with directions to reinstate the portions of the answer stricken and to proceed accordingly.
CHAPMAN, THOMAS, ADAMS and ROBERTS, JJ., concur.
SEBRING, C.J., and HOBSON, J., dissent.
THOMAS, Justice (concurring).
Although I dissented from the original opinion, I agree to the present one because I think the law of the case has been established.