239 So.2d 17 (1970)
George H. COGGAN, Petitioner,
v.
Sarah M. COGGAN, Respondent.
No. 39325.
Supreme Court of Florida.
July 13, 1970.
Rehearing Denied September 21, 1970.
*18 Henry P. Trawick, Jr., of Millican & Trawick, Sarasota, for petitioner.
Charles E. Early, of Early & Early, Sarasota, for respondent.
MOODY, Circuit Judge.
This cause is before this court on petition for writ of certiorari to review the decision of the District Court of Appeals, Second District, in the case of Coggan v. Coggan, 230 So.2d 34.
Petitioner, husband, defendant in the trial court, owned an office building jointly with his wife, plaintiff below, which he occupied as his medical office. In 1963 the parties were divorced and they thereby became tenants in common of the property. No provision was made in the decree, or by agreement, as to its use and possession. The defendant continued in possession, paying the taxes, making necessary repairs, and otherwise exercising complete control. In 1967 the former wife filed a partition suit praying for an accounting of one-half the rental value of the office building from the date of the final decree of divorce. The defendant counterclaimed for partition of the plaintiff's home which, by the terms of the final decree, was purchased as a tenancy in common with the exclusive possession granted to the plaintiff. The trial court ordered a partition sale of the office building and an accounting in favor of the plaintiff for one-half the rental value of the premises since the date of the divorce. The counterclaim was denied.
The defendant appealed to the Second District Court of Appeals, asserting error in the denial of the counterclaim and in the order directing an accounting. The District Court affirmed the lower court in the dismissal of the counterclaim. We find no basis for assuming jurisdiction to consider the legal sufficiency of this determination.
On the question of the accounting, the District Court also affirmed the lower court and in its opinion correctly stated the governing law as follows:
"* * * when one cotenant has exclusive possession of lands owned as tenant in common with another and uses those lands for his own benefit and does not receive rents or profits therefrom, such cotenant is not liable or accountable to his cotenant out of possession unless such cotenant in exclusive possession holds adversely or as the result of ouster or the equivalent thereof. This was the rule of common law, as modified by the Statute of Ann, and as it was expressly adopted as the law of Florida in 1875 by our Supreme Court in Bird v. Bird (Fla. 1875), 15 Fla. 424. The rule has persisted unchanged and has heretofore been recognized by this court. See, Taylor v. Taylor (Fla.App.2d 1960), 119 So.2d 811, 813. Thus it appears that appellant's point is well taken unless the case falls within one of the exceptions to the rule; i.e., unless it is shown that appellant held exclusive possession of his professional *19 office adversely to appellee, or as the result of ouster or the equivalent thereof. See, 51 A.L.R.2d 388, 437, § 13."
It then found, based on the undisputed facts, that the defendant's actions were "the equivalent of ouster." The facts being undisputed, it becomes a question of law as to whether or not the tenant in possession held the property adversely or as a result of ouster or the equivalent thereof.
The possession of a tenant in common is presumed to be the possession of all cotenants until the one in possession brings home to the other the knowledge that he claims the exclusive right or title. Chasteen v. Chasteen (Fla.App. 1968) 213 So.2d 509. What is called "exclusive possession" may amount merely to sole possession without actual exclusion of a cotenant or denial, or invasion of the rights of such cotenant.
There can be no holding adversely or ouster or its equivalent, by one cotenant unless such holding is manifested or communicated to the other. Where a tenant out of possession claims an accounting of a tenant in possession, he must show that the tenant in possession is holding the exclusive possession of the property adversely or holding the exclusive possession as a result of ouster or the equivalent thereof. This possession must be attended with such circumstances as to evince a claim of the exclusive right or title by the tenant in possession imparted to the tenant out of possession. Tatum v. Price-Williams (1910) 59 Fla. 634, 52 So. 3. Bird v. Bird, supra.
In the case of Stokely et al. v. Conner (1915) 69 Fla. 412, 68 So. 452, this court stated:
"But a tenant in common, to show an ouster of his cotenant, must show acts of possession inconsistent with, and exclusive of, the rights of such cotenant, and such as would amount to an ouster between landlord and tenant, and knowledge on the part of his cotenant of his claim of exclusive ownership. He has the right to assume that the possession of his cotenant in his possession, until informed to the contrary, either by express notice, or by acts and declarations that may be equivalent to notice."
See also Gracy v. Fielding (1916) 71 Fla. 1, 70 So. 625 and Cook et al. v. Rochford (Fla. 1952) 60 So.2d 531.
In the case at Bar, although the defendant continued in sole possession of the property after the divorce decree, the record is devoid of any evidence that, prior to the filing of the partition suit, he advised the plaintiff he was claiming adversely to her, or that he had taken any action adverse to her interest or title, or that he had taken any steps to actually or constructively oust her from possession, or that she knew or should have known he was claiming any right of title adverse to her.
The claim of the defendant was manifested for the first time in his unsworn answer to the complaint for partition wherein he denied the existence of any cotenancy. This pleading cannot be considered as evidence. It was not an admission in a pleading eliminating the necessity of proof, but was a general denial of plaintiff's claim or a conclusion of law upon which evidence would be necessary for determination. Hines v. Trager Construction Co. (Fla. App. 1966) 188 So.2d 826. Olin's, Inc. v. Avis Rental Car System of Florida (Fla. 1958) 104 So.2d 508. The District Court based its decisions upon the denial in the pleading and the defendant's testimony at the trial that he had always considered himself to be the sole owner of the property and that his former wife had no rights therein. However, as previously noted, there was no evidence that he had expressed this attitude or belief to her, or that she was otherwise cognizant of this claim.
In consideration of the foregoing, the decision of the District Court is quashed to the extent set forth herein with directions *20 that the case be remanded to the trial court for further proceedings not inconsistent herewith.
ERVIN, C.J., and CARLTON and ADKINS, JJ., concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting).
I must dissent. The trial court and the District Court of Appeal correctly concluded that the evidence showed a consistent denial by petitioner that a cotenancy of any kind ever existed between the respondent and the petitioner in the subject office building. The record here supports the holding of the courts below that petitioner is liable to account to respondent for respondent's share of the rental value of the premises.
I would affirm the decision of the District Court.