270 So.2d 434 (1972)
Charles Arnold SEESHOLTS, Appellant,
v.
Elizabeth P. BEERS, and the Equitable Life Assurance Society of the United States, Appellees.
No. 71-927.
District Court of Appeal of Florida, Fourth District.
December 12, 1972.
Rehearing Denied January 10, 1973.
*435 Edward W. Starr, Sr., of Law Offices of Starr & Myers, West Palm Beach, for appellant.
Thomas J. Yeager of Nason Gildan & Yeager, West Palm Beach, for appellees.
CROSS, Judge.
Appellant-defendant, Charles Arnold Seesholts, appeals an order of the trial court awarding a reasonable rent to the appellee-plaintiff, Elizabeth P. Beers, as a set-off to appellant's claims for mortgage payments, et cetera, in an action for partition. We reverse.
The parties to this appeal were husband and wife, but due to marital difficulties a divorce was obtained in March of 1969. The terms of the divorce decree granted the wife exclusive possession of the former marital home (held by the parties in a tenancy by the entireties, and converted by the divorce into a tenancy in common) until September of 1969. No further provisions were made concerning the property. Appellee-plaintiff, Elizabeth P. Beers (Elizabeth) voluntarily vacated the premises in September 1969, and the appellant-defendant, Charles Arnold Seesholts (Charles) began his sole possession of the home in October 1969. It is admitted by the parties that Charles was not holding adversely to Elizabeth's title and that Charles did not hold the property as a result of ouster or the equivalent thereof.
Elizabeth brought this action for partition and sought one-half of the reasonable rental value of the home while occupied by Charles as a charge to be allowed to her in the event that the home had to be sold. Charles answered, agreed that the home was indivisible, and requested that the home be sold. He, therefore, sought as a charge to be allowed to him one-half of the following: taxes, both state and municipal, house insurance, mortgage payments, money to pay for damage to the house allegedly caused by Elizabeth, money for the various items of personal property alleged to have been owned jointly but taken from the house by Elizabeth, and the full value of various items of personal property alleged to have been owned solely by him but taken by Elizabeth. The trial court entered final judgment for partition and in addition, determined:
"3. The Court having found that the parties' claims are offsetting, the Plaintiff's claim for rents is denied and the Defendant's claim for credits due for mortgage payments, taxes, insurance and improvements is denied."
This appeal followed.
Appellant presents one question for our determination: whether the trial court erred in permitting the wife a set-off of one-half of the reasonable rental value of the home.
The rule in Florida has long been that:
"... when one cotenant has exclusive possession of lands owned as tenant in common with another and uses those lands for his own benefit and does not *436 receive rents or profits therefrom, such cotenant is not liable or accountable to his cotenant out of possession unless such cotenant in exclusive possession holds adversely or as the result of ouster or the equivalent thereof. This was the rule of common law, as modified by the Statute of Ann, and as it was expressly adopted as the law of Florida in 1875 by our Supreme Court in Bird v. Bird (Fla. 1875), 15 Fla. 424. The rule has persisted unchanged and has heretofore been recognized by this court. See Taylor v. Taylor (Fla.App. 1960), 119 So.2d 811, 813." Coggan v. Coggan, 239 So.2d 17, 18 (Fla. 1970).
Only one instance has come to our attention where this long standing rule has not been applied. In Potter v. Garrett, 52 So.2d 115 (Fla. 1951), a case strikingly similar to the case sub judice, the Florida Supreme Court permitted a set-off of one-half the rental value of a house.
However, in view of the recent affirmance of the common law rule in Coggan v. Coggan, supra, we believe that Potter v. Garrett, supra, has been impliedly overruled,[1] and that therefore it was error for the trial court to allow one-half of the reasonable rental value of the land as an offset.
Accordingly, the final judgment is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.
WALDEN, Judge (dissenting):
I would affirm.
My review of the case law of this state, and particularly the cases cited by the majority, leaves me convinced that the trial court ruling is compatible and correct. More compellingly, this dissent is triggered by the notion that the decisional process of Florida should not be shackled by an automatic and unnecessary invocation of an ancient rule absolute that operates in every circumstance regardless of fairness, equity and the present day practicalities of life. It seems to me that the judicial function is not merely mechanical and that under the circumstances of this case an exception to the rule is sanctioned and in order.
As used by the majority in reaching their decision to reverse, there is, indeed, a generally accepted common law rule. It is that a cotenant in possession of the common property is not liable to his cotenants for the value of its use and occupation where such absent cotenants have not been ousted, excluded, or their equal rights denied. See 20 Am.Jur.2d, Cotenancy and Joint Ownership, § 41.
Without doubt this is a salutory principle that brings about a just result in the average or usual situation.
To mention some bases for the rule,
"(1) Each cotenant was entitled to the occupation of the premises; as long as one did not exclude the other, he was free to possess and enjoy as he pleased; the one who did not choose to exercise his right was deemed to relinquish it to the other.  Thompson v. Flynn, 102 Mont. 446, 58 P.2d 769.
"(2) This rule has its foundation in the fact that each cotenant is entitled to occupy the property, and that sometimes property can be made to produce revenue only through the efforts of the occupant, and often this is insufficient to justify the payment of rent; where this is true, it would be an injustice to the occupant afterward to demand of him that he pay for the use of the property; consequently, where one tenant in common occupies more than his share of the property without complaint from the other cotenants, *437 this raises a presumption of willingness on their part to allow the occupant all he can get out of the use of the property.  Roberts v. Roberts, 136 Tex. 255, 150 S.W.2d 236, 136 A.L.R. 1019." 86 C.J.S. Tenancy in Common, § 46, at page 408.
To put it another way, the unilateral decision of one cotenant to vacate should not change his status into that of a landlord over the remaining cotenant in possession so that the remaining cotenant would be accountable for rent to the departee. But this supposes, obviously, that the absentee is free and able to remain or to return and take his place as an equal occupant and cotenant in possession.
Can there be an exception to this rule? It is here that the majority and this writer part company, as I suggest that a creditable basis therefor exists where special property characteristics, limitations and circumstances are such as to reasonably preclude joint occupancy. Such an exception is recognized and delineated in Annot. 51 A.L.R.2d, Cotenants  Rents and Profits  Use, § 15, p. 443 (1957), as follows:
"The cases abundantly illustrate that in many instances continued ownership of real estate by two or more persons is likely to prove awkward and unsatisfactory because of a difficulty, or practical impossibility, of satisfactory concurrent personal use or occupancy. The difficulty of course is most acute where the property consists of a single small residence or a small place of business, and it is with reference to property of the latter character that some of the cases have departed from the principles usually applied to cotenancies and have held the occupying cotenant liable respecting the rental value even though he does not deny the cotenancy or the equal rights of his cotenants and is guilty of nothing except making a normal use of the property."
See also 20 Am.Jur.2d, Cotenancy and Joint Ownership, § 42. Further, there are some courts in proceedings of an equitable nature that simply decide the issue on the basis of equity and fairness and do allow a rental value. 20 Am.Jur.2d, Cotenancy and Joint Ownership, § 44.
And what are the facts here that qualify it under such exception?
The parties were earlier married and then divorced. Upon termination of the marriage relationship their jointly acquired and shared homeplace  a single family residence  was legally transformed from a tenancy by the entirety into a tenancy in common. This man and woman  not now married or related to one another, now separated and hostile  became cotenants and equally entitled to the use and occupancy of the residence which the trial court found to be non-divisible. The man, on his own motion, went into exclusive occupancy and now the woman, upon partition, seeks an allowance of one-half of the rental value for the man's exclusive use and occupancy, as an offset against certain property-related claims of the man. There was unrebutted evidence that the reasonable rental value was from $250 to $350 per month. The trial court recognized her claim, and correctly so, I believe.
Surely the above facts reflect the total impracticability of joint possession by these parties and indicate that an exception to the rule is highly indicated. It's just unreal to say that the parties are unable to live together in marriage, but that there is no bar to their thereafter sharing a single family residence as single persons.
All know that often in the exercise of jurisdictions in the aftermath of marital litigation the trial court awards possession to one of the parties for a time of the jointly owned homeplace. Frequently one of the parties is required to pay for upkeep and mortgage payments, and other expenses. Not infrequently there are accountings made post trial by the court as to the equities. With all of this, it seems strangely delimitating with reference to such property to render the trial court impotent in *438 evaluating the advantage accruing to one by having possession and the disadvantage to the other in having to live elsewhere.
Now for an analysis of the four cases mentioned in the majority decision to reverse, they being Bird v. Bird, 15 Fla. 424 (Fla. 1875); Taylor v. Taylor, 119 So.2d 811 (Fla.App. 1960); Coggan v. Coggan, 239 So.2d 17 (Fla. 1970); Potter v. Garrett, 52 So.2d 115 (Fla. 1951).
Bird, Taylor and Coggan all fit the general rule and there was no basis for believing that it would be difficult or unsatisfactory for the absent cotenant to enjoy concurrent use. Bird dealt with the crops grown on a farm. Taylor dealt with a 92-acre farm which had no rental value. Coggan dealt with an office building. Thus, the rental value claim was correctly denied under authority of the general common law rule. In those cases the property, unlike the house in this instance, was not of such nature that joint occupancy was precluded.
But now we come to Potter v. Garrett, supra, a case that reaches a different result. While not bespeaking the exception in so many words, it tacitly recognizes same by awarding rent to the absent cotenant. It is well further to say that this case has not been overruled except as such effort may be found in the majority opinion. Homestead residential property descended to two daughters. Several years later one sued the other in partition. There were conflicting claims with one claiming sums for mortgage payments made, taxes, repairs, improvements, etc., on account of the property. The other responded asking a reasonable rental of the homestead property for the time it was occupied by the adverse party. The Supreme Court of Florida held:
"We think appellee is entitled to reimbursement for one-half the money she paid on the principal and interest of the mortgage, for taxes and insurance and for other moneys she spent on essential improvements to preserve the property. The appellant is entitled to have credited against this amount one-half of such sum or sums as may be found to be a reasonable rental for the use of the property during the time it was occupied by appellee after the death of the last parent." At p. 116. (Emphasis supplied.)
Potter clearly reflects an instance where rental value was allowed a cotenant where special facts obtained, and it is of interest to note that such facts were indeed much less impressive and determinative than those in the instant appeal.
Thus, I suggest again that the trial court ruling is compatible with the four mentioned cases and same should be affirmed upon exact authority of Potter, supra.
Finally, as a policy support, I feel we should vest discretion in this area in the trial courts and not hamstring so that they are left powerless to adjust the equities and rights of the parties as may be dictated by the justice of the cause.
No error having been demonstrated, I would affirm.
NOTES
[1] But see Taylor v. Taylor, 119 So.2d 811 (Fla.App. 1960).