317 So.2d 770 (1975)
Charles Bernard ADKINS, Appellant,
v.
Linda C. EDWARDS, Appellee.
No. 74-1249.
District Court of Appeal of Florida, Second District.
July 23, 1975.
Gary C. Simons, Savage, Krim & Simons, Ocala, for appellant.
D.J. Bradshaw, Bradshaw, Wagner & Mountjoy, Inverness, for appellee.
SCHEB, Judge.
The appellant (ex-husband) appeals from a final judgment partitioning the parties' former marital home where appellee (ex-wife) was allowed a set-off for reasonable rental value against appellant's award of reimbursement for mortgage payments, taxes and insurance.
Upon dissolution of their marriage on August 8, 1972, the parties became tenants in common of their former marital home, previously held by them as tenants by the entireties. The ex-husband, as required by the judgment of dissolution, continued to pay the mortgage payments, taxes and insurance while the ex-wife resided upon the property. On November 4, 1972, the ex-wife remarried and vacated the premises. The ex-husband then moved into the home while continuing the payments as aforesaid.
In April, 1974, the ex-wife brought suit for partition of the former marital homeplace. The ex-husband counterclaimed for an allowance for the mortgage payments, taxes and insurance premiums advanced by him. Answering, the ex-wife sought an accounting for the reasonable rental value *771 of the premises during the period of her ex-husband's occupancy. While the parties stipulated as to the reasonable rental value during this period, the ex-husband contested liability for any rental value.
The trial court held the ex-wife entitled to one-half of the reasonable rental value of the property for the period of time her ex-husband exclusively occupied it, said sum to be credited against his entitlement to one-half of the mortgage payments, taxes and insurance paid by him after his ex-wife's remarriage.
The ex-husband seeks reversal of the trial court's judgment to the extent the ex-wife was granted a set-off for the reasonable rental value of the property during his period of exclusive occupancy. We affirm the trial court's judgment.
Appellant seeks reversal upon authority of Seesholts v. Beers, Fla.App.4th 1972, 270 So.2d 434. There, our sister court held in a partition suit that an ex-wife tenant in common was not entitled to claim one-half of the reasonable rental of the former marital home where the ex-husband tenant in common did not hold adversely to her. In Seesholts the court applied the common law rule adopted by the Supreme Court of Florida in 1875 in Bird v. Bird, 15 Fla. 424. This case involved farm crops, and set out the rule that when one cotenant has exclusive possession of lands owned in common with another and uses these lands for his own benefit and does not receive rents or profits therefrom, he is not accountable to his cotenant out of possession, unless such cotenant holds adversely or is out of possession as a result of ouster or equivalent thereof. The majority in Seesholts cited Bird as well as two other Florida cases in support of its opinion. Taylor v. Taylor, Fla.App.2d 1960, 119 So.2d 811, dealt with a large farm with no rental value, while Coggan v. Coggan, Fla. 1970, 239 So.2d 17, dealt with an office building. In each of these cited cases the property was of a nature whereby joint occupancy by the cotenant was not effectively precluded. The dissent by Judge Walden in Seesholts is an excellent analysis of the problem at hand and we think arrives at the correct decision, for as Judge Walden points out the foregoing cases relied upon in Seesholts are not analogous to a situation involving a former marital home.
More nearly in point is Potter v. Garrett, Fla. 1951, 52 So.2d 115, where two daughters inherited certain homestead property. One occupied the property and several years later brought suit against the other for partition. The one daughter claimed reimbursement for mortgage payments, taxes, repairs, etc. while the other sought a reasonable rental value for the time it was occupied by the adverse party. The Supreme Court held that while the daughter who was in possession was entitled to reimbursement for one-half of her mortgage payments, taxes, insurance and funds spent on essential improvements, the other daughter was entitled to have credited against this amount, one-half of the reasonable rental value of the property for the period of occupancy by the daughter in possession.
In cases like this there frequently exists an aura of hostility and awkwardness not necessarily common to cotenancy of lands or other properties held for commercial purposes. While neither of the parties contended that he or she was ousted from possession, it is unrealistic to believe that parties who could not get along living together while they were married would be expected to enjoy common usage of the former marital home after their divorce.
Here, unlike Seesholts, the ex-wife merely sought partition of the former marital home. Then she was confronted with a counterclaim by her ex-husband seeking reimbursement for mortgage payments, taxes and insurance. Since her former husband had enjoyed the exclusive use of the premises during the period of time for which he sought his reimbursement, the ex-wife answered setting up her own claim *772 for the reasonable rental value. Within the context of the ex-husband/ex-wife situation, this was appropriate. The ex-husband who is seeking equity cannot object to doing equity.
The trial court arrived at a just decision in awarding the ex-wife a set-off for one-half of the reasonable rental value of the property during the period of the ex-husband's occupancy and should be and is hereby affirmed.
HOBSON, Acting C.J., and GRIMES, J., concur.