388 So.2d 1355 (1980)
Daryl L. WOOD, Appellant,
v.
Judith Wade FRIEDMAN, Appellee.
No. 79-1266/T4-592.
District Court of Appeal of Florida, Fifth District.
October 15, 1980.
*1356 Ronald L. Sims, Winter Park, for appellant.
Lawrence J. Phalin, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant, Daryl L. Wood, appeals from a final judgment of partition entered by the Circuit Court for Orange County.
The parties were divorced by final judgment of dissolution in November, 1972. Appellee, Judith Friedman, by the terms of the judgment, was granted a child support allowance and exclusive possession of the marital home (owned by the parties after the dissolution as tenants in common) until the last remaining child became self-supporting, married or reached the age of twenty-one years. Appellee was directed to make all payments upon the home unless otherwise agreed.
In June of 1977, appellee ceased residing in the home and rented it to a third party until December 1978, receiving $3,310.08 in rent. In September of 1976, appellee had filed suit for partition. Appellee maintained exclusive control of the property and paid all expenses until the trial which was held on April 17, 1979.
The trial court entered its final judgment of partition, ordering a public sale of the property. Appellee was allowed a credit for all payments for taxes, mortgage, insurance and maintenance (except $266.00 for plants and landscaping).[1] Appellant was granted a credit for one-half of the rent received by appellee, but was denied any right to an accounting for the reasonable rental value of the home during the period *1357 of appellee's exclusive possession. The amount of $14,774.00 was claimed as the reasonable rental value.
The first point raised on appeal is:
Where a wife, as cotenant, is granted exclusive possession of the marital residence via a divorce decree and later seeks partition of it, can the husband, as an excluded cotenant, recover or setoff the reasonable rental value of the property during the period of his exclusion, where the wife, as tenant in possession, seeks to recover advances made for mortgage, insurance and tax payments and repairs.
Appellant, while conceding that he could find no case law in Florida directly on point, stated that Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975), should be followed. In that case, the court apparently made no specific provision for the ex-wife to have exclusive possession of the home but she continued to reside therein. The court (unlike in the case before us) directed husband to make the mortgage, tax and insurance payments. The ex-wife than vacated and husband moved in. Wife subsequently brought a partition action and husband counterclaimed for an allowance for the mortgage payments, taxes and insurance premiums advanced by him. Wife then sought an accounting for the reasonable rental value of the premises during the period of her ex-husband's occupancy. The court held that the ex-wife was entitled to one-half of the rental value during her ex-husband's occupancy, to be credited against his entitlement to one-half of the mortgage payments, etc. paid by him.
In Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972), the wife was given exclusive possession of the home but the court made no further provisions concerning the property. Wife then vacated and her ex-husband went into possession. The parties stipulated that he was not holding adversely to his ex-wife. She then sought partition and one-half of the reasonable value of the premises during her ex-husband's occupancy. He in turn sought to charge her with one-half of the taxes, insurance, mortgage, and other miscellaneous expenses. The trial court found the claims to be offsetting and denied wife's claim for rents and husband's claim for expenses. The Fourth District Court of Appeal reversed, citing Coggan v. Coggan, 239 So.2d 17, 19 (Fla. 1970), which had affirmed the common law rule:
[W]hen one cotenant has exclusive possession of lands owned as tenant in common with another and uses those lands for his own benefit and does not receive rents or profits therefrom, such cotenant is not liable or accountable to his cotenant out of possession unless such cotenant in exclusive possession holds adversely or as the result of ouster or the equivalent thereof.
270 So.2d at 435. It is to be noted that in Coggan, the property involved was an office building and there was no provision in the decree or any agreement as to its use or possession.
Each of the cases cited is distinguishable and while informative, does not control the factual situation with which we are concerned. Exclusive possession can be granted to the wife to provide for the support of the minor children of the parties or as a duty of support for the wife. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980). The award of the residence, hence, is a facet of child support. Power v. Power, 387 So.2d 546 No. 80-59 (Fla. 5th DCA 1980). Where the court has awarded exclusive possession to recognize a husband's duty of support for his wife or children, there can be no "ouster" or "adverse" possession which would give rise to a claim for reasonable rental value.
However, once appellee vacated the house and it was no longer necessary for the children's or her needs, both she and her ex-husband were equally entitled to possession or the rents therefrom.
The second point raised by appellant is:
Whether expenditures for maintenance made by the tenant in possession [appellee] *1358 are the type of expenditures for which the law allows reimbursement from a cotenant out of possession.
Any expenditures made by appellee reasonably necessary to maintain the property for the tenant should be recoverable. It is the prevailing rule that a cotenant who has expended more than his or her fair share in repairing the common property has a right of recovery against a fellow cotenant and the court has the power to enter an order so as to do substantial justice between the joint owners. 12 Fla.Jur.2d Cotenancy and Partition § 29 (1979). See Browne v. Park, 144 Fla. 696, 198 So. 462 (1940). Partition, being a subject of equitable jurisdiction, see 59 Am.Jur.2d Partition § 69 (1971), it was incumbent upon appellant to show that the trial court, in exercising its equity jurisdiction, abused its discretion in determining which expenses were reimbursable. See 12 Fla.Jur.2d Cotenancy and Partition § 29 (1979). This appellant has failed to do.
We affirm the trial court's holding that during the period prior to the termination of the wife's right to exclusive possession appellant was not entitled to receive a setoff or credit for rental value. We also affirm the trial court's allowance to husband of a credit of one-half of the rent received by appellee after her right to exclusive possession terminated and appellee's right to reimbursement for one-half of her contributions made for mortgage, taxes, insurance and maintenance.
AFFIRMED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] The trial court correctly followed the rule enunciated in Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979), that a wife who pays all of the mortgage, taxes, insurance, and expenses on jointly-owned property is entitled to credit against the husband's one-half of the proceeds upon the sale of the property.