396 So.2d 821 (1981)
Eloise PATTERSON, Appellant,
v.
D.E. PATTERSON, Appellee.
No. 79-2321.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
Robert L. Saylor of Saylor & Cohen, North Palm Beach, for appellant.
Charles L. Brown of Oxner, Brown & Pickett, West Palm Beach, for appellee.
GLICKSTEIN, Judge.
The parties were formerly husband and wife. For about thirty years appellee has *822 operated his practice as a naturopathic physician from an office building held by the parties during their marriage as tenants by the entirety, and since our decision in Patterson v. Patterson, 315 So.2d 104 (Fla. 4th DCA 1975), as tenants in common. Appellant brought the instant action, seeking one-half the rental value of the office building. The trial court denied her claim. We affirm.
During the contested dissolution proceedings between the parties, appellee had the locks on the office building changed. Appellant testified that at that time she was unable to enter the premises. Since the dissolution she has made no effort to come upon the property. Appellee testified that he has not questioned appellant's interest in the property; that he has not communicated to appellant that he was contesting her interest in any manner; that he has taken no action to contest her interest; and that he has agreed that she has a one-half interest as a tenant in common.
The governing principles in this action were recited in Coggan v. Coggan, 239 So.2d 17 (Fla. 1970), wherein the facts were remarkably similar to the present case. Upon their divorce, the parties in Coggan jointly owned an office building as tenants in common. The husband, prior and subsequent to the divorce, exclusively occupied the building as his medical office. Four years after the final decree of divorce, the former wife sued for an accounting of one-half of the rental value of the office building from the date of the decree. In reversing the trial court order granting an accounting, the supreme court stated:
The possession of a tenant in common is presumed to be the possession of all cotenants until the one in possession brings home to the other the knowledge that he claims the exclusive right or title. Chasteen v. Chasteen (Fla.App. 1968) 213 So.2d 509. What is called "exclusive possession" may amount merely to sole possession without actual exclusion of a cotenant or denial, or invasion of the rights of such cotenant.
There can be no holding adversely or ouster or its equivalent, by one cotenant unless such holding is manifested or communicated to the other. Where a tenant out of possession claims an accounting of a tenant in possession, he must show that the tenant in possession is holding the exclusive possession of the property adversely or holding the exclusive possession as a result of ouster or the equivalent thereof. This possession must be attended with such circumstances as to evince a claim of the exclusive right or title by the tenant in possession imparted to the tenant out of possession. Tatum v. Price-Williams (1910) 59 Fla. 634, 52 So. 3. Bird v. Bird, supra [15 Fla. 424].
Id. at 19. See also Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1973).
Appellant first argues that she meets the tests recited in Coggan and Seesholts, supra, because the changing of the locks by appellee during the dissolution proceedings between the parties constituted an ouster. However, the posture of the parties during the dissolution proceedings is not the same as now. Prior to our decision in Patterson v. Patterson, supra, the parties did not hold title as tenants in common. Instead, the trial court order, which we reversed, awarded Ms. Patterson's interest in the building to her former husband. Therefore, any acts committed by Dr. Patterson prior to our decision which might have constituted an ouster had there been a tenancy in common, are irrelevant since said tenancy did not exist. Moreover, while there is evidence in the record that the locks were changed, there is no evidence that the intent of appellee in changing the locks was to exclude appellant from possession.
Appellant's second argument is that appellee's exclusive use of the premises as his medical office constitutes ouster or "constructive eviction." She concedes that the building is not compatible for anything other than appellee's medical practice. Further, it is undisputed that appellant has never demanded possession of the premises. The following language from Coggan, supra *823 at 19, is exactly on point with the facts of the present case:
In the case at Bar, although the defendant continued in sole possession of the property after the divorce decree, the record is devoid of any evidence that, prior to the filing of the partition suit, he advised the plaintiff he was claiming adversely to her, or that he had taken any action adverse to her interest or title, or that he had taken any steps to actually or constructively oust her from possession, or that she knew or should have known he was claiming any right of title adverse to her.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
LETTS, C.J., and DOWNEY, J., concur.