466 So.2d 375 (1985)
Catherine DIEDRICKS, Appellant,
v.
Arlene REINHARDT, As Personal Representative of the Estate of William Reinhardt, a/K/a William D. Reinhardt, Deceased, Appellee.
No. 84-1966.
District Court of Appeal of Florida, Third District.
March 19, 1985.
As Amended April 2, 1985.
*376 Michael Lechtman, North Miami Beach, for appellant.
Gregory B. Hoppenstand, Bay Harbor Island, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Catherine Diedricks, the appellant, was the long-time apparent, but not lawful, wife of William Reinhardt until his death on May 15, 1978. At the time of William's death, Catherine was living with him in a home which they jointly owned; after William's death, Catherine continued to live in this home by herself. Arlene Reinhardt, as her name suggests, was William's estranged, but lawful, wife, who after William's death became the duly-appointed personal representative of his estate. This case, as the reader may have already guessed, concerns Arlene's claim (as an heir to her husband's estate) to his interest in the home he jointly owned with Catherine  more specifically, her claim to one-half the reasonable rental value of the home.
*377 The issues on appeal are whether the record contains sufficient evidence of Catherine's possession of the home adverse to Arlene's interest so as to warrant an accounting for and payment of rent to Arlene, the co-tenant; and whether, as the trial court concluded, such adversity can be shown by the mere fact of William's death so as to make Catherine responsible to pay Arlene one-half the reasonable rental value of the home from May 15, 1978, forward.
The rule of law applicable here is that a co-tenant, as Catherine, in exclusive possession of real property which she uses for her own benefit and from which she does not receive rent, is not accountable or liable to her co-tenant out of possession, here Arlene, unless the co-tenant out of possession can show that the co-tenant in exclusive possession holds adversely or as a result of ouster or its equivalent.[1]Coggan v. Coggan, 239 So.2d 17 (Fla. 1970). In Coggan, the ex-wife filed suit for partition of an office building owned by the parties as tenants in common, but occupied solely by her ex-husband. Mrs. Coggan also sought an accounting of one-half the rental value of the property from the time of the parties' divorce. The supreme court, in quashing the district court of appeal decision and reversing the trial court's order directing an accounting, found that there was no evidence in the record to indicate that Mr. Coggan was claiming adversely to his ex-wife or was preparing to oust her and, moreover, that the ex-husband's general denial of the existence of a co-tenancy, appearing for the first time in his answer to the complaint for partition, could not be considered evidence that he was occupying the property adversely to the ex-wife. See Patterson v. Patterson, 396 So.2d 821 (Fla. 4th DCA 1981); Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972). But see Potter v. Garrett, 52 So.2d 115 (Fla. 1951)[2]; Finn v. Finn, 464 So.2d 1266 (Fla. 3d DCA 1985); Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975) (following Potter and Seesholts dissent, court allowed recovery of one-half rental value of residence owned by former spouses, finding showing of adversity unnecessary, as it was unlikely that parties who could not live together peacefully while married, could be expected to share common usage of the former marital home). The event of William's death, through which Arlene merely obtained her nonadverse interest in the property,[3] like the mere fact of divorce, does not demonstrate the required adversity.
Nor is a complaint for partition, being not inconsistent with the common possession by the co-tenants, an action adverse to either co-tenant's right of possession. The goal of an action for partition, unlike the goal of an action for ejectment, is to avoid the problems arising from common possession of the property, not to recover possession of the individual moiety. Russell v. Stickney, 62 Fla. 569, 56 So. 691 (1911); 12 Fla.Jur.2d Cotenancy and Partition §§ 49, 50 (1979).
However, Arlene's suit against Catherine, commenced in November 1980, sought partition of the property merely as an alternative to her main claim to recover possession and title to the entirety of the *378 property. When that sworn complaint was served upon Catherine, she was placed on notice that Arlene's claim to possession of the property was adverse to her, and the requirement that adversity be shown was satisfied.
Therefore, the judgment below, which, inter alia, awarded Arlene one-half the reasonable rental value of the property, is affirmed in all respects save one  that is, Arlene's entitlement to this monetary award shall not run from the date of William's death as the judgment now reflects, but instead shall run from the date upon which her complaint was served upon Catherine. Upon remand, the judgment is to be modified accordingly.
Affirmed, with directions to modify.
NOTES
[1] Possession of property by one tenant in common is prima facie presumed to be for the right and benefit of all co-tenants. Cook v. Rockford, 60 So.2d 531 (Fla. 1952); Gracy v. Fielding, 71 Fla. 1, 70 So. 625 (1916); Bird v. Bird, 15 Fla. 424 (1875). However, if one tenant ousts the other or denies the other's tenure, or if circumstances show an intent on the part of one tenant to hold adversely, his possession becomes adverse. Stokely v. Conner, 69 Fla. 412, 68 So. 452 (1915). To demonstrate ouster of a co-tenant, one must show (1) acts of possession inconsistent with and exclusive of the rights of the co-tenant, and (2) knowledge on the part of the co-tenant of the claim of exclusive ownership. See Gracy v. Fielding, 70 So. at 627; Stokely v. Conner, 69 Fla. at 440, 68 So. at 458-59; Coogler v. Rogers, 25 Fla. 853, 7 So. 391 (1889).
[2] Seesholts suggests that Coggan impliedly overruled Potter.
[3] The deed by which Catherine and William acquired the property did not provide for rights of survivorship. Since Catherine and William were not married, they were tenants in common and William's share passed to his estate upon his death. See Reinhardt v. Diedricks, 439 So.2d 936 (Fla. 3d DCA 1983).