ORFINGER, Judge.
Donna Buckley Vandergrift, the former wife, appeals that portion of the trial court’s partition judgment which granted the appellee/former husband an accounting of one-half of the fair rental value of the marital home since the remarriage of the wife. We reverse.
A final judgment dissolving their marriage was entered on April 12, 1979, incorporating their property settlement agreement which provided that the wife would have custody of the three minor children and that she would have exclusive use and possession of the former marital home until June 30, 1987, or until she remarries, (or until the happening of other conditions not pertinent here) whichever occurs sooner. The wife remarried on October 31, 1981, following which she and her new husband continued to reside at the former marital residence along with the three minor Buckley children.
Robert H. Buckley filed his complaint for partition on September 21, 1983. Donna filed an answer requesting that she be compensated for improvements made to the home, and Robert then filed a response in which he sought one-half the reasonable rental value of the home from the time of .Donna’s remarriage. At trial, Donna testified that Robert never demanded that she vacate the house; never demanded possession of the house; never advised her that he was claiming the rental of the house; never told her that he thought she was claiming the house adversely to him. Robert agreed that he never demanded that Donna vacate the house, or that he be given access to the house.
The trial court ordered partition, and awarded the former wife one-half the value of the improvements, an accounting for necessary and reasonable repairs to the premises and one-half the mortgage payments made since termination of her right to exclusive possession, and then set-off against that amount one-half the fair rental value of the premises since her remarriage. The former wife appeals and we reverse that portion of the judgment which awards to the husband one-half the fair rental value of the property.
The general rule on the rights of co-tenants as between themselves is expressed in Coggan v. Coggan, 239 So.2d 17 (Fla.1970), viz:
“ * * * when one cotenant has exclusive possession of lands owned as tenant in common with another and uses those lands for his own benefit and does not receive rents or profits therefrom, such cotenant is not liable or accountable to his cotenant out of possession unless such cotenant in exclusive possession holds adversely or as the result of ouster or the equivalent thereof.
Id. at 18.
In Coggan, the husband and wife owned an office building which the husband solely occupied as his medical office. Upon their divorce, they became tenants in common of the property, but the husband continued to practice his profession therein, exercising complete control over the building. Four years later, the former wife sought partition and an accounting of one-half the rental value of the building from the date of divorce. In reversing an award to the former wife of one-half the reasonable rental value which had been affirmed by the district court of appeal, the supreme court said:
The possession of a tenant in common is presumed to be the possession of all co-tenants until the one in possession brings home to the other the knowledge that he claims the exclusive right or title. Chasteen v. Chasteen (Fla.App.1968) 213 So.2d 509. What is called “exclusive possession” may amount merely to sole possession without actual exclusion of a co-tenant or denial, or invasion of the rights of such cotenant.
There can be no holding adversely or ouster or its equivalent, by one cotenant unless such holding is manifested or communicated to the other. Where a tenant out of possession claims an accounting of *1327 a tenant in possession, he must show that the tenant in possession is holding the exclusive possession as a result of ouster or the equivalent thereof. This possession must be attended with such circumstances as to evince a claim of the exclusive right or title by the tenant in possession imparted to the tenant out of possession.
239 So.2d at 19.
The supreme court, in reversing the district court of appeal held that there was no ouster merely because the former husband denied the existence of the tenancy in common, and that there was no other evidence that prior to the partition suit the former husband had made any claim that he was holding the property adversely to his former wife.
Since Coggan, there has been disagreement in the district courts of appeal on how to apply the law. Much of the disagreement stems from the interpretation of the earlier case of Potter v. Garrett, 52 So.2d 115 (Fla.1951) where, in an opinion stating few facts, the supreme court held that a co-tenant out of possession could plead and prove the fair rental value of the property as an offset against the claim of the co-tenant in possession. The co-tenants were sisters, descendants of the owners of the homestead property, one of whom lived on the property with her parents and supported them while they lived. No other facts are given which would describe the relationship between them. Neither is there in the opinion, nor in the earlier appeal between the same parties[1] any recognition of the law as is later stated in Cog-gan. Consequently, it is difficult to perceive the basis on which that ease was decided, or that it continues to have prece-dential value after Coggan.
Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972) involved a factual situation similar to the one before us here. In the divorce judgment, the wife was given exclusive possession of the former marital home which had been owned by the parties as tenants by the entireties. When the former wife voluntarily vacated the premises, the former husband moved in and began his sole possession. The parties agreed that the former husband was not holding adversely to his former wife’s title, nor did he hold possession as the result of an ouster. When the former wife later brought an action for partition, she demanded one-half the fair rental value of the home during her former spouse’s sole possession. In reversing the award of the rental value to the former wife, the district court of appeal relied on Coggan, holding that it had impliedly overruled Potter v. Garrett. Seesholts was followed in Patterson v. Patterson, 396 So.2d 821 (Fla. 4th DCA 1981), another case involving a jointly owned building solely occupied by the husband as his medical office. The fact that the building was solely occupied by the husband and was not suited for any use other than appellee’s medical practice did not deter the court in its affirmance of the trial court’s order denying to the former wife one-half the fair rental value of the property.
In Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975), the Second District Court of Appeal disagreed with Seesholts. There, the property involved was the former marital residence. When the former wife remarried and vacated the premises, the former husband moved in. When the former wife sought partition several years later, she requested an award equal to one-half the fair rental value of the property during her former husband’s possession. In affirming this award to the former wife, the district court of appeal relied on Potter v. Garrett. It distinguished Coggan by finding that the nature of the property (an office building used exclusively by the former husband for his medical practice) “... was of a nature whereby joint occupancy by the cotenant was not effectively precluded.” 317 So.2d at 771. Thus, while recognizing the general rule stated in Cog-gan, the Adkins court reasoned that:
*1328 In cases like this there frequently exists an aura of hostility and awkwardness not necessarily common to co-tenancy of lands or other properties held for commercial purposes. While neither of the parties contended that he or she was ousted from possession, it is unrealistic to believe that parties who could not get along living together while they were married would be expected to enjoy common usage of the former marital home after their divorce.
317 So.2d at 771. On this basis, the Adkins court found constructive ouster.[2] Citing Edwards, the Third District Court of Appeal in Finn v. Finn, 464 So.2d 1266 (Fla. 3d DCA 1985), in an opinion which did not recite the facts, held that the former wife was entitled to a credit for one-half the fair rental value of the former marital residence after the former husband, who had been awarded custody of the minor children and exclusive possession of the residence, had remarried.[3]
We believe that Coggan states the law applicable here, and that Sheesholts was correct in following it. Because there was no evidence here that the former wife claimed adversely to the former husband when she continued in possession of the former marital residence after she remarried or that she made it known to her former husband that she claimed exclusive right or title, there is no evidence of ouster. The former husband could have requested partition at any time. Additionally, he could have requested rent or the right to occupy the premises.[4] Rejection of either of those latter demands would have served as evidence of a constructive ouster. We acknowledge direct conflict with Adkins v. Edwards, and apparent conflict with Finn v. Finn.
The judgment is reversed insofar as it awards to the former husband the fair market rental value of the property prior to the time the partition action was filed.
REVERSED.
SHARP and COWART, JJ., concur.

. Garrett v. Potter, 160 Fla. 707, 36 So.2d 374 (1948).

. This conclusion was reached despite the absence of any contention of the parties that he or she was ousted from the premises, and the opinion makes no reference to any evidence in that record of animosity or hostility between the parties there. It is equally unrealistic to believe that the former wife in Coggan, apparently not a physician, could jointly occupy the office building which her former husband occupied exclusively for his medical practice, yet the Coggan court refused to find an ouster based on that fact alone. We cannot agree that a rule of law should be based on a surmise as to the relationship of the parties which may or may not be accurate. The principle of law involved here is that stated in Coggan — is the co-tenant in possession holding adversely to the other co-tenant and has such holding been manifested or communicated to the other co-tenant. The evidence presented in each case will determine if an actual or constructive ouster has occurred.

. The recent case of Diedricks v. Reinhardt, 466 So.2d 375 (Fla. 3d DCA 1985) appears to recede from Finn or at least, reaches an opposite result. Diedricks became a tenant in common of the residence which she and her apparent, but not lawful husband, William Reinhardt had jointly owned and occupied. Upon his death, Reinhardt's lawful wife succeeded to his interest and became the co-tenant out of possession. Reinhardt sought partition and half the fair rental value of the property from the time of her lawful husband’s death. The court applied Cog-gan, held that there had been no ouster or its equivalent up to the time the partition suit was filed, and that service of the complaint in partition was notice to Diedricks that Reinhardt’s claim of possession was adverse to her. Analogizing to Adkins, it is unrealistic to believe that these two women could have shared occupancy of the dwelling, yet the court refused to find ouster on that fact alone.

.See Smith v. Smith, 464 So.2d 1287 (Fla. 5th DCA 1985).