547 So.2d 227 (1989)
Glenda A. Wiley GOOLSBY, Appellant,
v.
Joseph B. WILEY, Appellee.
No. 88-2934.
District Court of Appeal of Florida, Fourth District.
July 12, 1989.
Rehearing Denied August 30, 1989.
Paul M. Herman of Beers and Herman, P.A., Palm Beach Gardens, for appellant.
Melinda Penney Gamot, Palm Beach, and Jane Kreusler-Walsh of Klein, Beranek & Walsh, P.A., West Palm Beach, for appellee.
*228 HERSEY, Chief Judge.
This case involves two issues arising upon post-dissolution sale of property held by former marital partners as a tenancy in common. The first is whether the spouse in occupancy who paid all expenses of maintenance and preservation of the property is entitled to a credit from the sale proceeds of one-half of those expenses. The second is whether the spouse out of possession is entitled to a set-off against his liability for expenses, if any, for one-half of the fair rental value of the property for the term of occupancy by the other spouse. A preliminary consideration is whether the circuit court had jurisdiction to determine these issues post-dissolution absent a specific reservation of jurisdiction.
The marriage was dissolved in 1987. The final judgment provided for eventual sale of the marital home, previously held as an estate by the entireties. After deduction of the costs of sale, the proceeds were to be divided equally. The judgment also provided that the former wife "shall have exclusive use and occupancy of the home pending its sale and she shall be responsible for all costs of the home during her exclusive occupancy." No mention was made of subsequent credit for expenses or rent as to either spouse. The court specifically reserved jurisdiction of the entire matter to "enter such further orders as may be equitable, appropriate and just."
The marital home was sold in July 1988. The former wife sought credit for one-half of the expenses and the former husband asked for rent. The trial court pointed out that the final judgment made no reference to credits and since no appeal was taken from that judgment no credits would be allowed: in essence a jurisdictional explanation. Both the jurisdictional question and the first issue are controlled by this court's en banc opinion in Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988).
Distilling the Brandt opinion to its essence, we held that certain attributes of a tenancy in common attach by operation of law and therefore apply where a property settlement agreement or final judgment are silent as to those attributes. Perhaps the most important such characteristic of a tenancy in common is the proposition that each cotenant "is ultimately liable for his or her proportionate share of the obligations of the property," and that when one cotenant is vested with possession by judgment or agreement and is required to pay some or all of the obligations of the property, "the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold." Id. at 1019.
This answers the jurisdictional question. The right to reimbursement exists apart from any judgment or agreement. It is an implied term of any such judgment or agreement that is silent on the subject. Exercise of the right is therefore merely a matter of enforcement so that no "retention of jurisdiction" is necessary to enforce application of the credit.
Brandt also controls the issue of the former wife's claim. She is entitled to a credit against the sale proceeds of one-half of the property expenses that she paid on and after November 12, 1987, the date of rendition of the final judgment. Accord Fischer v. Fischer, 503 So.2d 399 (Fla. 3d DCA 1987); Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986). As the cases explain, the right to a credit exists unless there is a basis in the record to relieve the non-expense-paying spouse of his duty to contribute. If this were not the rule then one spouse, upon sale, would receive a full one-half of the net sale proceeds which could include and usually would include a substantial increment representing formerly unrealized appreciation in the value of the real property. The other spouse, who has been solely responsible for making principal payments on the mortgage, thus directly increasing the parties' equity, and for paying interest, insurance and taxes, thus protecting the investment from risks and liens, receives one-half of the net sales proceeds LESS the sum of all such expenses. Such a result is inequitable unless there has been some prior consideration *229 given for the disparity which can be demonstrated on the record.
The second issue is raised by the former husband's claim for a set-off against the credits due the former wife of an amount equal to one-half of the fair rental value of the property during the term of the former wife's occupancy. The general rule is that occupancy of property by one cotenant is occupancy for all cotenants and there can be no recovery for use and occupation or rent under these circumstances in the absence of ouster. There are exceptions to the rule such as the situation where the tenant in possession leases the property to others and receives rent under the lease. Rent and other "profits" are generally deemed to be received for the benefit of all of the cotenants in proportion to their ownership. See generally Annotation, Accountability of Cotenants for Rents and Profits or Use and Occupation, 51 A.L.R.2d 388 (1957).
The Supreme Court of Florida discusses another exception to the general rule, one closer to the factual situation in this case, in Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988). In Barrow the wife was awarded a one-half interest in the marital home as alimony. The final judgment was silent on the questions of possession and sale or other disposition of the property and there was no agreement of the parties touching on these issues. The husband moved into possession and the wife moved to another state. Several years later the wife filed for partition and sale of the property. The husband claimed a credit against the net proceeds of sale for one-half of the expenses of the property paid by him during the years of his occupancy. The wife claimed one-half of the fair rental value of the property for a like term. The trial court treated the two opposing claims as independent and awarded an amount to each of the parties. This ruling was affirmed on appeal to the district court. Barrow v. Barrow, 505 So.2d 506 (Fla. 2d DCA 1987). The opinion in that case relied on the authority of Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975), and recognized conflict with Vandergrift v. Buckley, 472 So.2d 1325 (Fla. 5th DCA 1985). The supreme court quashed the decision of the district court, disapproved the reasoning in Adkins and, to the extent they preclude an offset for rent, disapproved Vandergrift and Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972). Barrow, 527 So.2d at 1377.
The rule in Barrow evolves in the following manner. The law presumes that possession by one cotenant is presumed to be the possession of all cotenants. Thus a cotenant in possession is not liable to his cotenants for rent unless he holds adversely to them or unless there has been an ouster or its equivalent. Any such ouster or adverse holding gives rise to liability for rent only where that fact has been communicated to the cotenant(s) out of possession. Coggan v. Coggan, 239 So.2d 17 (Fla. 1970). It does not matter, for purposes of the application of this rule, whether the nature of the property is such that joint possession would be awkward or difficult nor should a distinction be drawn between residential and commercial property. Barrow; Coggan; Seesholts. Notwithstanding the general proposition precluding a claim for rental value, an exception is made under certain circumstances. The supreme court explains:
It is an established principle of law that when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, his claim may be offset by the value of his or her use of the property which has exceeded his or her proportionate share of ownership.
Barrow, 527 So.2d at 1376.
The rule and reasoning in Barrow, succinctly summarized at page 1377 of the opinion, would seem to resolve the issue before us in favor of the husband's claim for offset except for one complicating factor. In Barrow and some of the cases referenced there, neither a court order nor a property settlement agreement sanctioned the possession by one tenant to the exclusion of the other tenant. We therefore must consider the question of whether that makes a legal difference.
*230 In the present case the wife remained in exclusive possession by virtue of a specific provision to that effect in the final judgment of dissolution. An argument could be made that where a property settlement agreement or final judgment permits one tenant to have exclusive occupancy this operates as an eviction or constructive ouster of the other tenant, who should thereby have a claim for the fair rental value. We think that the scant authority and better reasoning support a contrary position. Where the parties have agreed that one should have exclusive possession and there is no provision in the agreement for rent, it seems inappropriate to subsequently engraft such a requirement on the contract made by the parties. By the same token, a judgment which awards exclusive possession to one party is based upon certain, known facts and if rent had been contemplated and thus placed in the balance, the court presumably would have said so.
In Barrow, the supreme court noted that "it is in the best interests of all parties that property dispositions in matrimonial matters be concluded, if at all possible, in the dissolution proceedings, including a determination, if possible, of possession of any property held in a cotenancy." 527 So.2d at 1377. This language at least suggests that had the possession been sanctioned by agreement or court order, the problem of an offset for rent would not have arisen.
In Potter v. Garrett, 52 So.2d 115 (Fla. 1951), where an offset against claimed expenses was allowed for fair rental value, the possession had not been sanctioned by agreement or court order. In Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975), the second district affirmed an offset for rent for the period of time the husband was in possession without benefit of court order or agreement. Subsequently, in Finn v. Finn, 464 So.2d 1266 (Fla. 3d DCA 1985), where the husband was awarded exclusive possession under certain conditions and he later remarried which terminated his right to possession, the court computed the amount of a fair rental value offset against a claim for expenses for the period commencing with the date of the husband's remarriage.
We therefore distinguish Barrow and hold that where exclusive possession by a cotenant is sanctioned by court order or agreement of the parties, there can be no offset (of one-half of the fair rental value of the property for the term of the lawful possession) against the claim of that tenant for reimbursement from the proceeds of a sale of the property for necessary and proper expenses incurred in the preservation and protection of the property.
We reverse and remand with directions to allow the wife a credit for expenses paid by her to protect and maintain the property during her lawful possession. The claim of the husband for an offset is to be disallowed. We have previously indicated that the circuit court has jurisdiction to accomplish the foregoing as a matter of the enforcement of the final judgment.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.