527 So.2d 1373 (1988)
James BARROW, Petitioner,
v.
Donna BARROW, Respondent.
No. 70433.
Supreme Court of Florida.
June 30, 1988.
William R. Platt, Tampa, for petitioner.
Steven T. Northcutt of the Law Offices of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for respondent.
OVERTON, Justice.
This is a petition to review Barrow v. Barrow, 505 So.2d 506 (Fla.2d DCA 1987), in which the district court held that in partition actions the rules regarding notice of ouster from a former marital home must be applied differently for cotenants who are former spouses than for other cotenants. The circumstances involve a claim for rental value from a former spouse in possession. The district court relied on its prior decision of Adkins v. Edwards, 317 So.2d 770 (Fla.2d DCA 1975), but acknowledged its holdings were in conflict with Vandergrift v. Buckley, 472 So.2d 1325 (Fla. 5th DCA 1985). We find conflict with Coggan v. Coggan, 239 So.2d 17 (Fla. 1970); Vandergrift v. Buckley, 472 So.2d 1325 (Fla. 5th DCA 1985); and Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we quash the decision of the district court and disapprove the reasoning in Adkins. We find the rules of law governing partition should be the same for former *1374 spouses as for other cotenants, but conclude the respondent is entitled under an established exception to set off her claim for reasonable rental value against a claim for maintenance or improvement expenses.
The relevant facts reflect that the petitioner, James Barrow, owned title to and built a residence on four and one-half acres of land prior to his marriage to the respondent, Donna Barrow. This property became their residence for the ten years they were married. In a dissolution proceeding, the final judgment awarded an undivided one-half interest in the property as alimony to Donna Barrow. The final judgment made no provision for possession by either party and made no direction regarding the sale or disposition of the property.
Donna Barrow moved her family to Idaho immediately after separating from the petitioner. Several years later, she initiated this proceeding with a complaint seeking partition of the former marital home. James Barrow counterclaimed for one-half the amounts expended by him for taxes, insurance, and other services necessary to maintain and improve the property. Donna Barrow responded by seeking one-half the fair rental value for the period James Barrow had occupied the home after the parties' dissolution. Before the trial court, James Barrow asserted that his former wife did not object to his sole occupancy; that she was not excluded from the premises; that he did not hold the premises adversely or hostilely to her title; and that he had never refused her access to the property. Donna Barrow responded that James Barrow had occupied the home throughout the dissolution proceedings; that he had changed the locks on the doors; that he had obtained a new telephone number; and that he had declined to respond to her letters.
In considering Donna Barrow's claim that she was entitled to fair rental value of the property, the trial court concluded that the Second District's decision in Adkins required approval of her claim. The trial court found Donna Barrow entitled to $8,254.50, a sum representing one-half of the determined fair rental value of the property for the period beginning August 5, 1983, the date of entry of the final judgment of dissolution of marriage, and ending January 15, 1986, the date of the nonjury trial in this partition proceeding, and further found James Barrow entitled to $2,591.00, a sum representing one-half the property taxes and insurance premiums. The trial court considered the claim of the respondent as an independent claim and not solely as a setoff. The record establishes that the trial judge based his ruling on the Second District's decision in Adkins, even though he apparently did not agree with it. His comments at the end of the testimony and arguments of counsel were as follows:
THE COURT: You have one tenant moving out of the state and leaving and the other one is staying in the house. You do not have any demand for rent. You do not have any demand for possession. You have nothing. You have just apparently a voluntary relinquishment on the part of the wife.
It strikes me that there's something a little inequitable about the idea that the other co-tenant is liable for rent, even though he does not know  he or she  that that claim is being made or going to be made and not knowing it does not have any way to exercise a judgment as to whether he wants to stay on or not, particularly in the case  you do not have a mortgage  particularly in the case where you have a large mortgage.
The person staying on there did not have the idea that there was going to be  unless you imply it in law that they have that claim.
I personally would think that the law should have something to do with making a demand for it, but perhaps if the cases do not, they do not.
On appeal, the district court, in a simple three-line opinion, stated its affirmance was "on the authority of Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975). In so doing, we are in conflict with Vandergrift v. Buckley, 472 So.2d 1325 (Fla. 5th DCA 1985)." Barrow, 505 So.2d at 506.
*1375 To resolve the issue presented by the acknowledged conflict, we find it appropriate to review the applicable case law, beginning with our decision in Coggan v. Coggan, 239 So.2d 17 (Fla. 1970). In Coggan, a former wife of a doctor brought an action against her former husband for partition of his office building and for an accounting of one-half the rental value. The building had been jointly owned by the parties until their divorce, at which time they became tenants in common. Nothing was stated in the decree or by agreement as to its use and possession, and the former husband continued in possession, paying the taxes, making necessary repairs, and exercising complete control over the property. Id. at 18. On appeal, the district court recognized the common law rule that, when one tenant in common has exclusive possession of the lands and uses those lands for his own benefit but does not receive rents or profits therefrom, he is not liable or accountable to his cotenant not in possession unless he holds adversely or as a result of ouster or the equivalent thereof. Coggan v. Coggan, 230 So.2d 34, 36 (Fla. 2d DCA 1969), aff'd in part, quashed in part, 239 So.2d 17 (Fla. 1970). In Coggan, the evidence at trial revealed that the doctor had always considered himself the sole owner of the property and believed his former wife had no rights therein; however, there was no evidence that he had ever expressed that attitude to her or that she was cognizant of his claim. The district court found that under these circumstances the husband's actions were the equivalent of an ouster and granted the former wife's claim for rents. 230 So.2d at 36. Upon review by this Court, we quashed that holding and stated:
The possession of a tenant in common is presumed to be the possession of all cotenants until the one in possession brings home to the other the knowledge that he claims the exclusive right or title... .

There can be no holding adversely or ouster or its equivalent, by one cotenant unless such holding is manifested or communicated to the other. Where a tenant out of possession claims an accounting of a tenant in possession, he must show that the tenant in possession is holding the exclusive possession of the property adversely or holding the exclusive possession as a result of ouster or the equivalent thereof. This possession must be attended with such circumstances as to evince a claim of the exclusive right or title by the tenant in possession imparted to the tenant out of possession.
239 So.2d at 19 (citations omitted; emphasis added).
The Fourth District Court of Appeal, in Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972), followed our Coggan decision in a situation involving a former marital home. That court refused to distinguish Coggan on the basis that it involved commercial real property rather than a former marital residence. Id. at 436.
In Adkins v. Edwards, 317 So.2d 770 (Fla. 2d DCA 1975), the Second District Court of Appeal rejected the Seesholts decision and distinguished our Coggan decision, reasoning that the nature of the properties involved in Coggan was such that joint occupancy by the cotenants was not effectively precluded. The Adkins court held:
In cases like this there frequently exists an aura of hostility and awkwardness not necessarily common to cotenancy of lands or other properties held for commercial purposes. While neither of the parties contended that he or she was ousted from possession, it is unrealistic to believe that parties who could not get along living together while they were married would be expected to enjoy common usage of the former marital home after their divorce.
Id. at 771 (emphasis added).
In Vandergrift, the former spouses held the former marital home as tenants in common. The former wife was in possession of the marital home and the former husband instituted the partition action. The former wife requested she be compensated for improvements and the former husband responded by making a claim for one-half the reasonable rental value of the home after the date of her remarriage. The trial *1376 judge granted the former husband's claim even though no demand for possession or a prior claim for rental value was made. The district court reversed, relying on Coggan and Seesholts, stating:
Because there was no evidence here that the former wife claimed adversely to the former husband when she continued in possession of the former marital residence after she remarried or that she made it known to her former husband that she claimed exclusive right or title, there is no evidence of ouster.
472 So.2d at 1328.
The reasoning of the district court in Adkins is clearly contrary to the rule initially approved by this Court in 1875 in Bird v. Bird, 15 Fla. 424 (1875). In Bird, we held that when one cotenant has exclusive possession of lands owned as a tenant in common with another, and uses those lands for his own benefit and does not receive rents or profits therefrom, such cotenant is not liable or accountable to his cotenant out of possession unless such cotenant in exclusive possession holds adversely or as a result of ouster or the equivalent thereof. Id. at 442. We explained what ouster meant in Stokely v. Connor, 69 Fla. 412, 68 So. 452 (1915), where we stated that
a tenant in common, to show an ouster of his cotenant, must show acts of possession inconsistent with, and exclusive of, the rights of such cotenant, and such as would amount to an ouster between landlord and tenant, and knowledge on the part of his cotenant of his claim of exclusive ownership. He has the right to assume that the possession of his cotenant is his possession, until informed to the contrary, either by express notice, or by acts and declarations that may be equivalent to notice. Exclusive possession by one tenant in common, and receipt of the rents and profits of the common land, for a great length of time, is not sufficient to create a legal presumption of the actual ouster of a cotenant.
Id. at 440-41, 68 So. at 459 (citation omitted). We stated in Coggan that "[t]here can be no holding adversely or ouster or its equivalent, by one cotenant unless such holding is manifested or communicated to the other." 239 So.2d at 19. In the instant case, as reflected by the trial judge's findings, there was no communication by the cotenant in possession to the cotenant out of possession that the former was holding the property exclusively and adversely to the latter. We reaffirm our decision in Coggan.
Under these facts, we first reaffirm the necessity for communication mandated by the common law rule. Accepting the district court's holding would result in significant changes not only in the law of partition, but also in the law of adverse possession, because it would start the time for adverse possession running with a former spouse's occupancy of the former marital home when he or she is a cotenant. We reject respondent's argument that we should overrule the common law principles of partition and make an exception with regard to the communication requirement for former spouses who hold former marital property as cotenants. To hold that the occupation by one cotenant of the former marital home presumptively ousts the other former spouse cotenant would only create additional legal problems for parties to dissolution proceedings.
Second, we find that there is an existing applicable exception which was not discussed in the majority opinions of Adkins, Vandergrift, and Seesholts. It also was not discussed in Coggan or Bird because it was not applicable. It is an established principle of law that when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, his claim may be offset by the value of his or her use of the property which has exceeded his or her proportionate share of ownership. A general statement concerning this exception is contained in 51 A.L.R.2d 388 entitled "Accountability of cotenants for rents and profits or use and occupation." It states:
Nevertheless where one owner has enjoyed the occupancy and in any way seeks the assistance of a court in obtaining contribution from others in respect of improvements or protective expenditures *1377 made, he is ordinarily charged, by way of offset, with the reasonable value of his occupancy in excess of his proportionate share, even though he would not otherwise be liable; and similar adjustments are commonly made in partition suits generally.
Annotation, 51 A.L.R.2d 388, 395 (1957) (emphasis added, footnote omitted). See also Fundaburk v. Cody, 261 Ala. 25, 72 So.2d 710 (1954); Henry v. Steward, 363 Mo. 213, 250 S.W.2d 527 (1952); Winn v. Winn, 131 Neb. 650, 269 N.W. 376 (1936); Lanigir v. Arden, 85 Nev. 79, 450 P.2d 148 (1969); Gilleland v. Meadows, 351 S.W.2d 656 (Tex.Civ.App. 1961).
We applied this exception in Potter v. Garrett, 52 So.2d 115 (Fla. 1951), in a partition suit in which a cotenant in possession sought recovery from the cotenant out of possession of one-half the money she had paid toward the mortgage, taxes, and insurance on the property. In reversing the striking of the claim for offset by the tenant out of possession, we stated:
We think appellee is entitled to reimbursement for one-half the money she paid on the principal and interest of the mortgage, for taxes and insurance and for other moneys she spent on essential improvements to preserve the property. The appellant is entitled to have credited against this amount one-half of such sum or sums as may be found to be a reasonable rental for the use of the property during the time it was occupied by appellee after the death of the last parent.
Id. at 116. This holding does not conflict with Coggan because Coggan involved an affirmative claim by a cotenant out of possession for one-half the rental of the property held by the cotenant in possession. There was no claim in Coggan by the cotenant in possession for contribution for the expenses incurred in the upkeep of the property and, hence, there was no offset to be considered. Nor was there any offset involved in Bird.
It is clear that, under this exception, Donna Barrow is entitled to claim the reasonable rental value solely as an offset against the claim of the cotenant, James Barrow, for the costs of maintaining the property. Here, Donna Barrow's claim for the rental value is limited to $2,591.00, the amount of James Barrow's claim, since the rental value exceeds his claim.
In conclusion, we hold: (1) the possession of a tenant in common is presumed to be the possession of all tenants until the one in possession communicates to the other the knowledge that he or she claims the exclusive right or title and there can be no holding adversely or ouster by the cotenant in possession unless the adverse holding is communicated to the other; (2) where one cotenant has exclusive possession of lands and uses the lands for his or her own benefit and does not receive rents or profits therefrom, such a cotenant is not liable or accountable to the cotenant out of possession unless he or she holds adversely or as a result of ouster or its equivalent; and (3) when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset by cotenants out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent it has exceeded his or her proportionate share of ownership.
Finally, we note that animosity can exist between other family members or former business partners holding property as cotenants as can exist between former spouses. To avoid subsequent litigation between former spouses, we emphasize that it is in the best interests of all parties that property dispositions in matrimonial matters be concluded, if at all possible, in the dissolution proceedings, including a determination, if possible, of possession of any property held in a cotenancy.
Accordingly, we quash the decision of the district court and disapprove the reasoning in Adkins. To the extent that they preclude an offset for reasonable rental value, we also disapprove Seeholts and Vandergrift. We direct the Second District Court of Appeal to remand this cause to the trial court for further proceedings consistent with this opinion.
It is so ordered.
*1378 McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.