WIGGINTON, Judge.
Appellant appeals a final judgment of dissolution. We affirm in part, reverse in part and remand.
The final judgment is silent and the order on rehearing is ambiguous as to whether the trial judge gave any consideration to appellee’s pension plan and appellant’s IRA for equitable distribution purposes. Therefore, we reverse and remand with the direction that the trial court enter a supplemental order reflecting its consideration of those assets, and its determination based upon that consideration in accordance with Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). See also White v. White, 527 So.2d 971 (Fla. 4th DCA 1988).
We find no reversible error in the trial court’s award to appellee, pursuant to appellant’s agreement in open court, of exclusive use of the marital home upon the condition that appellee make all mortgage and upkeep payments thereon. Although on appeal appellant seeks remuneration for one-half the rental value of the home, the record does not reflect that she raised that issue in the trial court. Therefore, no ruling on that question is before this Court for review. However, in light of the considerations set forth in Barrow v. Barrow, 527 So.2d 1373 (Fla.1988) and the quagmire described in Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), we suggest that, upon remand, the court revisit the award of exclusive possession of the marital home to the extent of clarifying for the future the questions of offsets for improvement, preservation, and reasonable rental value of the property.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
SMITH, C.J., and WENTWORTH, J., concur.