GUNTHER, Judge.
The former husband appeals a post judgment order denying his claim for an offset. We reverse.
The former husband asserts that the trial court erred in disallowing him one-half the reasonable rental value of the former marital home as an offset against the former wife’s claim for reimbursement of one-half of the carrying costs and expenses paid by her during her post judgment occupancy of the home. According to the former husband, he was entitled to the offset because the former wife occupied the marital home after the dissolution of marriage until the sale of the home without his agreement or court awarded use and occupancy.
In our view, the trial court erred in finding that the “former husband is not entitled to a reasonable rental value for the former wife’s use of the house between the time of the Final Judgment and the sale of the house as there was no ouster pursuant to Barrow v. Barrow, 13 FLW 412 [527 So.2d 1373] (Fla.Sup.Ct. June 30, 1988).” Actually, Barrow v. Barrow, 527 So.2d 1373 (Fla.1988), supports the former husband’s position in the instant case.
Although the Barrow court reaffirms that a cotenant in possession is not liable for rent to the cotenant out of possession unless the adverse holding or ouster is communicated to the cotenant, the court acknowledges an exception to the requirement that such ouster be communicated. According to the supreme court:
[W]here one owner has enjoyed the occupancy and in any way seeks the assistance of a court in obtaining contribution from others in respect of improvements or protective expenditures made, he is ordinarily charged, by way of offset, with the reasonable value of his occupancy in excess of his proportionate share, even though he would not otherwise be liable; and similar adjustments are commonly made in partition suits generally, (emphasis in original) Barrow, 527 So.2d at 1376-77 (quoting Annotation, “Accountability of cotenants for rents and profits or use and occupation”, 51 A.L. R.2d 388, 395 (1957)).
*1114 Thus, the supreme court in Barrow held that the wife, despite the husband’s failure to communicate his adverse possession, was entitled to claim a reasonable rental value for the property, but only as a set-off to the husband’s claim for maintenance costs.
According to Barrow, “when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset by cotenants out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent it has exceeded his or her proportionate share of ownership.” Barrow, 527 So.2d at 1377. Thus, based upon Barrow, the trial court in the instant case erred in ruling that the former husband is not entitled to an offset equal to one-half the reasonable rental value of the former marital home not to exceed the amount which the former wife establishes as his share of the expenses for maintenance of the former marital home.
Although the former wife essentially concedes that the trial court misapplied Barrow, she asserts that the trial court order should be affirmed even if the former husband is entitled to an offset because the former wife testified that the property was not rentable and had no reasonable rental value. However, it is clear from the trial court’s order that this evidence of the rental value was not considered by the trial court in reaching its decision. Rather the trial court simply denied the former husband’s claim upon finding that no ouster had occurred thereby never reaching the question of what was the reasonable rental value of the former marital home.
On the authority of Barrow, we reverse and remand for the trial court to determine the reasonable rental value, if any, of the marital property for the period following the dissolution of marriage until the sale of the home. If the court finds that the marital home had a reasonable rental value during this period, then the former husband shall be entitled to one-half the reasonable rental value as an offset against the carrying costs and expenses paid by the former wife during her post judgment occupancy.
REVERSED AND REMANDED.
DELL and STONE, JJ., concur.