568 So.2d 70 (1990)
Mary Jo KELLY, Appellant,
v.
William KELLY, Appellee.
No. 89-02755.
District Court of Appeal of Florida, Second District.
August 8, 1990.
On Motion for Rehearing October 12, 1990.
Gerald C. Surfus and Philip S. Prosch of Surfus & Prosch, Sarasota, for appellant.
James E. Aker of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for appellee.
SCHEB, Acting Chief Judge.
The appellant, Mary Jo Kelly, and the appellee, William Kelly, were divorced in 1982. The court granted the wife possession of the marital home until the parties' *71 minor child attained age eighteen. After the child reached majority, the court entered a final supplemental judgment ordering an equal division of the proceeds from the sale of the property. In its order, the trial court denied the wife credit for one-half the mortgage payments and expenses for repairs and maintenance, citing the husband's setoff claim of one-half of the home's rental value for the years she and their child were in possession. We reverse.
The alimony and support clauses of the final judgment of dissolution, entered in 1982, provided:
The Wife is given the use and possession of the marital home until the child reaches majority at which time the house shall be sold and the equity divided equally between the parties.
The Husband and Wife shall each contribute one-half of the monies each year for the payment of taxes and insurance on the home.
Several months before the minor child was to become eighteen, the wife petitioned for a modification in alimony and a declaratory judgment that she receive credit for "carrying expenses" from the proceeds of the sale of the marital residence.[1] The husband counterclaimed for partition and sought a setoff for rental value against the wife's claim.
After a hearing, the trial court found that the rental value of the home during the time at issue was at least equivalent to the total sums the wife expended on mortgage payments and repairs. The trial judge entered a final supplemental judgment, directing that the property be sold and the proceeds divided equally between the parties. The trial judge held that "the fair rental value of the home during the time at issue was at least equivalent to the total sums expended by the wife on mortgage payments and repairs." Thus the husband's setoff claim was allowed to cancel the wife's claim for contribution. We discern from oral arguments that the trial judge's decision was based primarily on Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988). Afterwards the court denied the wife's motion for rehearing, and this appeal ensued.
On appeal, the wife argues that Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989), is analogous. We agree. There, as here, the wife remained in exclusive possession of the marital home by virtue of a specific provision in the final judgment of dissolution. The Fourth District held:
[W]here exclusive possession by a cotenant is sanctioned by court order or agreement of the parties, there can be no offset (of one-half of the fair rental value of the property for the term of the lawful possession) against the claim of that tenant for reimbursement from the proceeds of a sale of the property for necessary and proper expenses incurred in the preservation and protection of the property.
Id. at 230.
We do not think that Barrow controls the situation before us. In Barrow, the court held that when a cotenant in possession seeks contribution for expenses incurred in improving or preserving property, that claim may be offset by a cotenant out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent that it exceeds his or her ownership share. Barrow differs from the instant case, however, in that the final judgment in Barrow made no provision for possession by either party or any specific disposition of the property. Furthermore, in Barrow, one spouse ousted the other, thereby occupying one-half the home wrongfully.
Here, however, the husband was not ousted from possession; rather the wife's possession was a facet of child support. Thus, it was not wrong or adverse to the husband in any respect. Since the husband was not deprived of any right to possession of the premises, it follows that he had no right to setoff against the wife's claims for "carrying expenses."
*72 Moreover, the mortgage payments and expenditures for maintenance and repairs enhanced the equity of both parties. To allow the husband to avoid paying his proportionate share would enhance his equity beyond that contemplated by the final judgment of dissolution. The first and fourth districts have recently taken consistent views. Fitzgerald v. Fitzgerald, 558 So.2d 122 (Fla. 1st DCA 1990) (husband was not entitled to one-half the rental value of the marital home for the time the wife was in exclusive possession and their minor child lived there); Ombres v. Ombres, 549 So.2d 1113 (Fla. 4th DCA 1989) (setoff for rental value allowed where wife occupied marital home without husband's consent or without court award).
Our alignment with the Fourth District's opinion in Goolsby, however, does not completely dispose of this appeal. The stipulated statement of facts presented to this court discloses that the wife expended $2,308 for maintenance and repairs and $24,186.56 on mortgage payments. The wife is entitled to a credit for one-half of the stipulated costs for necessary and reasonable maintenance and repairs. We interpret the stipulation to mean that the parties agree that the listed costs were necessary and reasonable. However, where such claims are challenged, the necessity and reasonableness of the expenses must be established.
We note that the stipulated statement does not break down the principal and interest elements of the wife's mortgage payments. Given our opinion's rationale that the husband must repay the wife to the extent that her contributions have enhanced his equity, her entitlement is limited to principal payments applied in reduction of the mortgage debt.[2] It appears that there should be no difficulty in computing the wife's entitlement. Should the parties disagree, however, the court shall make the necessary determinations in an evidentiary hearing.
Accordingly, we reverse and remand for entry of an amended final supplemental judgment, entitling the wife to credit for one-half the payments of the mortgage principal and one-half the costs of maintenance and repairs.
CAMPBELL and PATTERSON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The wife moves for rehearing or clarification contending that she is entitled to receive contribution from the husband of one-half of the interest she paid on the marital home. We disagree.
Our rationale for allowing reimbursement of one-half of the mortgage payments, repairs, and maintenance expenses was that the wife should receive reimbursement for payments that enhanced the husband's equity in the property. As we stated, "To allow the husband to avoid paying his proportionate share would enhance his equity beyond that contemplated by the final judgment of dissolution."
We note that the final judgment gave the wife exclusive possession of the home with no requirement that she compensate her former husband for his court-ordered loss *73 of enjoyment of his property. While interest is a necessary component of mortgage payments, it does not enhance an owner's equity. We think that under the totality of the circumstances, the wife should be responsible for the interest payments. See Rutkin v. Rutkin, 345 So.2d 400 (Fla. 3d DCA 1977). To the extent that Iodice v. Scoville, 460 So.2d 576 (Fla. 4th DCA 1984), conflicts, we disagree with the Fourth District.
Motion for rehearing denied.
SCHEB, A.C.J., and CAMPBELL and PATTERSON, JJ., concur.
NOTES
[1] Although "carrying expenses" is not precise and therefore not a preferred term, we perceive from the record that the wife meant it to include maintenance and repair costs and mortgage payments.
[2] Although the parties in this case disagreed about the actual intention of the trial judge, where the court intends the result we direct here, the following language might be considered for incorporation into the final judgment:

So long as the primary residence of the minor children shall be with the wife, she shall have the exclusive use and possession of the marital home. The wife shall pay the mortgage payments and the cost of normal maintenance. The parties shall share equally in the costs of insurance, taxes and major repairs or extraordinary maintenance of the home. The wife's exclusive use of the home shall terminate upon:
1. Her remarriage;
2. Her ceasing to be the primary residential parent of the minor children;
3. The last child attaining majority or otherwise ceasing to be entitled to support from the husband; or
4. Her election to reside elsewhere.
Upon the happening of one of the aforesaid conditions, the home shall be sold and the net proceeds of the sale divided equally between the parties; the wife first receiving credit for principal reduction of the mortgage and all amounts due to the wife from the husband for insurance, taxes, repairs and maintenance.