762 So.2d 1049 (2000)
Brenda A. GOINS, Appellant/Cross-Appellee,
v.
Michael S. GOINS, Appellee/Cross-Appellant.
No. 5D99-1886.
District Court of Appeal of Florida, Fifth District.
July 28, 2000.
*1050 Sharon Lee Stedman, of Sharon Lee Stedman, P.A., Orlando, for Appellant/Cross-Appellee.
Nancy Y. Smith of Brinson, Smith & Smith, P.A., Kissimmee, for Appellee/Cross-Appellant.
W. SHARP, J.
Brenda Goins appeals from a final judgment of dissolution and Michael Goins, the former husband, cross-appeals. We affirm.
This was obviously a bitter and difficult case. We think the trial judge resolved the parties' disputes in a fair and equitable manner, and made extensive and detailed findings which we decline to disturb. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We find only two problems with his judgment, which we think can be resolved by interpreting it as indicated in this opinion.
The first problem is the part of the judgment which appears to require the former wife to pay $600.00 per month rent to the former husband for the time after the dissolution she and the minor children were living in the jointly-owned marital residence before it was sold. In addition, the judgment appears to require her to pay one-half of the mortgage payment, taxes, insurance and major maintenance, by giving the former husband a credit, plus 10% interest against the net proceeds, upon sale of the house. The former husband argues the basis for the court's imposition of rent is the fact that the former wife allowed her sister and her child to move into the residence, because the sister was having family problems, and the former wife needed assistance caring for her three children.
Unless there are extraordinary circumstances not present in this case, a tenant in common who has exclusive possession of real property and who uses it for her own benefit without receiving any rents or profits therefrom, is not liable or accountable to a co-tenant out of possession unless such possession is adverse to or as a result of ouster. Brisciano v. Byard, 615 So.2d 213 (Fla. 1st DCA 1993); Fitzgerald v. Fitzgerald, 558 So.2d 122 (Fla. 1st DCA 1990). Here, the judgment did not give the former wife exclusive possession. In such cases, the jointly owned property is deemed occupied on behalf of both owners, and the nonresident tenant is not entitled to rent, except as an offset against the resident tenant's claim for a contribution to property expenses. Thomas v. Thomas, 712 So.2d 822 (Fla. 2d DCA 1998). Although a court can require a spouse to pay one-half the rental value for the privilege of occupying a marital residence prior to sale, it need not do so, and *1051 unless it expressly does so, rental value cannot be later claimed against the proceeds of the sale. See Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989).
However, in this case it is not clear the court required the former wife to pay both the rent and one-half the mortgage and other expenses. We think the language should be construed as requiring the former wife to pay $600.00 per month "rent" towards her portion of her owner's liability for the property. The judgment provides:
[T]herefore the wife may rent the Husband's half-interest by paying him $600.00 per month on the first commencing June 1, 1999. As tenants in common upon dissolution of the marriage each party owes 50% of the mortgage taxes, insurance, and major maintenance. However, the Court finds that the Wife cannot pay more than $600.00 rent and her liability for the difference is to be paid as described below. The Wife has to live somewhere, the children are in school there, and the house is better protected and maintained for sale with occupants. The Wife must eventually pay her share of the house debt service and she might as well get some benefit. This seems to the Court as a short term arrangement and is in the children's best interest too. (Emphasis added)
These provisions suggest the trial judge thought the $600.00 monthly rent was less than the former wife's one-half liability for the mortgage, taxes, insurance, and repairs. Thus he allowed the former husband to receive a credit for the difference, plus interest. This interpretation is supported by the court's previous conclusion that "The Wife has the right to have any guest she wants in her house that she owns with the Husband." Accordingly, we interpret the language of the final judgment as not requiring the former wife to pay rent, plus her one-half of the mortgage and other expenses. Rather she was to pay $600.00 per month, which was to be applied against her financial liabilities as one-half owner of the property.
The second problem with the judgment involves the former husband's point on cross-appeal; i.e., should the court have awarded primary residential custody of the children to the former wife? Prior to the trial in this case the issue of custody had been submitted to mediation, and the parties agreed to a joint custody arrangement, by which the children spent 50% of the time with each parent. The issues of custody were resolved by a Mediation Agreement. The court found the agreement was in the children's best interest, and it adopted it. However, the court went beyond the agreement, designating the former wife the "primary residential parent," and the former husband the "secondary residential parent." The former husband objects stating that this issue was not tried by the parties and should not have been considered by the court.
In the case of a rotating custody arrangement where a child spends half of his or her time with both parents, the term "primary residential parent" appears to us to be without any meaning or significance. Section 61.13(3) speaks of primary residence in the context of one parent having custody of a child for a substantial time, in comparison with the other parent who has visitation rights. It does not fit in the context of a truly 50/50 rotating custody arrangement. Both parents in this case also have shared parental responsibility, and thus are empowered to make joint decisions concerning the care and up-bringing of the children. Should problems arise, the court may allow one or the other parent ultimate responsibility over specific areas of aspects. § 61.13(2)(b)2.a., Fla. Stat.
The former husband argues that in the context of a petition to modify to permit a spouse to leave the jurisdiction with the children, the spouse designated as having primary residential custody has an advantage. *1052 That may be the case.[1] However, if the arrangement for custody is truly a rotating one, 50/50, the designation of primary residential parent, has no significance as used in the context of this final judgment and the terms are misnomers, at best.
AFFIRMED.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] See Gray v. Martin, 730 So.2d 426 (Fla. 5th DCA 1999).