THOMPSON, C.J.
Christie L. Drewes (Wife) appeals the trial court’s final judgment of dissolution. We affirm in part and reverse in part.
The Wife appeals the trial court’s equitable distribution, contending that it is neither equitable nor clear. There are several errors in the equitable distribution scheme. The spreadsheet used to achieve the equitable distribution is vague and ambiguous. The Husband concedes error on this point. Upon remand, the trial court should better describe the assets and liabilities being allocated so as to allow the parties to determine what is being distributed without having to resort to guesswork, as they each did in their briefs. Because we reverse on this issue, we must also reverse on the matter of attorney’s fees. See Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986) (“[o]n remand, the trial court may revisit the award of attorney’s fees ... when considering the revised distribution of marital property, because ... such items are often interrelated”).
We next address the partial mortgage payment issue raised by the Wife. The Wife was ordered to contribute $400.00 to the mortgage payment, an amount which was less than half the monthly payment on the marital home, where she lived during the pendency of the divorce. At the time, the wife did not object but she then failed to make the contribution for three months. For that reason, in the final judgment the court deducted $1200.00 from the amount owed by the husband to the wife in effecting the trial court’s equitable distribution. The trial court termed this deduction of $1200.00 as “less rent owed to husband,” rather than “contribution to mortgage payments owed,” which would have better reflected what the court was doing. This money was not rent and we agree with the trial court’s disposal of this issue. Cf. Goins v. Goins, 762 So.2d 1049, 1051 (Fla. 5th DCA 2000).
Lastly, the wife complains of the visitation schedule fashioned by the trial court, *1116 complaining that she should have been awarded more substantial visitation. Again, we find no abuse of discretion. See Keesee v. Keesee, 675 So.2d 655 (Fla. 5th DCA 1996); see also Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987) (“the creation of a visitation schedule is within the discretion of the trial court”); Lewis v. Lewis, 665 So.2d 322 (Fla. 4th DCA 1995).
AFFIRMED IN PART; REVERSED IN PART.
HARRIS and PLEUS, JJ., concur.