COVINGTON, Judge.
In these postmarital dissolution proceedings, Mr. Schryver challenges the trial *265 court’s order granting his former wife, Mrs. Franklin, the reasonable rental value of the former marital residence during the period of his occupancy. He also challenges that portion of the trial court’s order requiring him to satisfy the mortgage against his undivided one-half interest in the marital residence.
Mrs. Franklin has cross-appealed raising several issues. Mrs. Franklin argues that the trial court used the wrong date when calculating the reasonable rental value owed to her. She also maintains that the trial court erred in failing to enforce the provisions of the settlement agreement requiring Mr. Schryver to maintain a life insurance policy for her benefit. Finally, Mrs. Franklin argues that the trial court erred in denying her attorney’s fees.
We find merit in only one issue raised on this appeal and thus need not address the other issues raised. We conclude that the trial court erred in awarding Mrs. Franklin the reasonable rental value of the marital home.
The parties’ marriage was dissolved on December 14, 1981. The final judgment of dissolution of marriage incorporated a separation and property settlement agreement. According to the separation agreement, Mr. Schryver had the right to occupy the former marital residence. The settlement agreement, however, provided that upon furnishing reasonable notice to Mr. Schryver, Mrs. Franklin had the right to occupy the former marital residence.
Since the divorce, Mr. Schryver has continuously resided in the former marital residence. He remarried in 1983. Mrs. Franklin moved to West Virginia in 1981 and resided there until 1985. On May 7, 1985, she filed a motion to regain possession of the former marital residence. However, the record does not indicate whether a hearing was ever held on that motion.
Mrs. Franklin purchased a home near the former marital residence in October or November 1985. Mrs. Franklin remarried in 1987. According to Mr. Schryver, he never denied Mrs. Franklin possession of the former marital home. Mrs. Franklin, however, contends that Mr. Schryver refused to allow her to move back into the home.
On August 6, 1999, Mr. Schryver filed a complaint for declaratory judgment to determine the rights of the parties to the former marital residence. Mr. Schryver wanted to sell the former marital residence, and he alleged that Mrs. Franklin had refused to sell the home. On August 8, 1999, Mrs. Franklin filed a petition for enforcement of the final judgment of dissolution. On January 4, 2000, she amended her petition and alleged that, among other things, Mr. Schryver had violated the final judgment by mortgaging his one-half interest in the former marital residence and by failing to maintain a life insurance policy. These claims were consolidated for trial.
The trial court awarded Mrs. Franklin the reasonable rental value of the former marital residence since her remarriage in 1987. The trial court noted that the settlement agreement did not provide for the exclusive possession of the former marital residence by either party. However, the trial court found that Mr. Schryver had lived in the home exclusively for nearly twenty years. Further, the trial court noted that Mr.’ Schryver lived in the home with his new wife for thirteen years following Mrs. Franklin’s remarriage in 1987. Therefore, the trial court found that “Mr, Schryver should be held to account to Mrs. Franklin for the benefits he derived from exclusive occupancy of the residence since 1987.”
*266 In his motion for rehearing, Mr. Schry-ver argued that Mrs. Franklin was not entitled to an accounting for the reasonable rental value of the home because the trial court had not found an ouster. In its order on the motion for rehearing, the trial court stated that “this argument fails to take into consideration that body of law which stands for the proposition that ‘extraordinary circumstances’ may support the payment of rent by one cotenant to another even in the absence of adverse possession or ouster.”
According to the trial court, those “extraordinary circumstances” included a poorly drafted agreement and the fact that dual possession of the marital residence was a “practical impossibility” because of the parties’ remarriages. Significantly, the trial court did not provide specific authority for the “body of law” that allows an accounting for rental value by one cotenant to another based on “extraordinary circumstances.”
In Barrow v. Barrow, 527 So.2d 1373 (Fla.1988), the Florida Supreme Court held that:
[T]he possession of a tenant in common is presumed to be the possession of all tenants until the one in possession communicates to the other the knowledge that he or she claims the exclusive right or title and there can be no holding adversely or ouster by the cotenant in possession unless the adverse holding is communicated to the other.
Id. at 1377; see also Coggan v. Coggan, 239 So.2d 17, 19 (Fla.1970); Thomas v. Thomas, 712 So.2d 822, 823 (Fla. 2d DCA 1998).
In Coggan, the Florida Supreme Court noted that when a tenant out of possession claims an accounting from a tenant in possession, he must show that the tenant in possession is holding the exclusive possession of the property adversely or as a result of an ouster or the equivalent. 239 So.2d at 19. An ouster requires “express notice” or “acts and declarations that may be equivalent to notice.” Id. (citing Stokely v. Conner, 69 Fla. 412, 68 So. 452 (1915)).
However,- the Florida Supreme Court has also noted that if a cotenant in possession of property seeks contribution for the cost of improvements or maintenance, such claims may be offset by the value of the use of the property by the cotenant in possession. Barrow, 527 So.2d at 1376. This court has recognized that exception and stated:
[I]f the resident owner does not occupy the property adversely or as the result of an ouster, the property is deemed to be occupied on behalf of both owners. In that case, the nonresident is not entitled to rent except as an offset against the resident owner’s claim for a contribution to property expenses.
Thomas, 712 So.2d at 823; see also Goins v. Goins, 762 So.2d 1049 (Fla. 5th DCA 2000).
Here, the trial court did not find that Mr. Schryver’s possession of the former marital residence was adverse to Mrs, Franklin. The trial court also did not find that there had been an ouster. In fact, the trial court stated in its order that “extraordinary circumstances” were sufficient to award Mrs. Franklin an accounting for the reasonable rental value. However, according to Barrow, a cotenant is only entitled to an accounting for rental value if there has been an adverse possession, ouster, or the equivalent. Barrow, 527 So.2d at 1377. Additionally, Mr. Schryver has not filed a claim for contribution. Therefore, the offset exception is inapplicable.
Mrs. Franklin argues that the trial court found that Mr. Schryver’s possession of the former marital home was adverse to her interests. She asserts that this ad *267 verse possession has occurred since -1981, when she moved out of the residence. She argues that Mr. Schryver and his new wife have prevented her from using and enjoying the residence. Unfortunately for Mrs. Franklin, the trial court’s order does' not support this argument.
The trial court stated that it believed that “extraordinary circumstances” supported such an award, “even in the absence of adverse possession or ouster.” Those “extraordinary circumstances” included the fact that the settlement agreement was poorly drafted, and that because of the parties’ remarriages, it was practically impossible for them to jointly possess the home. .
Although the trial court found that joint possession was a “practical impossibility,” this is an inadequate basis for awarding Mrs. Franklin the reasonable rental value of the property. See Barrow, 527 So.2d at 1377. In Adkins v. Edwards, 317 So.2d 770, 771 (Fla. 2d DCA 1975), this court upheld the trial court’s order awarding the ex-wife a set-off for one-half of the reasonable rental value of property. However, the ex-wife had not claimed that there had been an ouster or adverse possession. Id. We noted that “it is unrealistic to believe that parties who could not get along living together while they were married would be expected to enjoy common usage of the former marital home after their divorce.” Id. Significantly, in Barrow, the Florida Supreme Court specifically disapproved that reasoning. 527 So.2d at 1377.
Thus, as unfortunate as the circumstances may be for Mrs. Franklin, the trial court’s findings do not support the award of an accounting for the reasonable rental value of the home. The Florida Supreme Court made it clear in Barrow that tenants in common are not liable to one another for the reasonable rental value unless there has been adverse possession or an ouster communicated to the party. Id. The foregoing exception is inapplicable here, because Mr. Schryver has not filed a claim for contribution.
Because the trial court did not find that there was an ouster or adverse possession in this case, Mrs. Franklin is not entitled to the reasonable rental value of the former marital residence. We therefore reverse and remand for further proceedings consistent with this decision.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and FULMER, JJ., Concur.