JACOBUS, J.
Norma Hughes, the former wife, timely appeals the supplemental final judgment entered in this case. Hermann Krueger, the former husband, cross-appeals. The underlying action began as a petition by the Former Wife for the partition of two properties that she owned jointly with the Former Husband. By the time of trial, however, the parties had agreed to seek only an accounting of the income and expenses related to the properties. That accounting, performed by the trial court, is the subject of this appeal. The Former Wife argues that, in performing the accounting, the trial court erred in its interpretation of Paragraph 7 of the original divorce judgment, which awarded the parties joint ownership of the two properties. In his cross-appeal, the Former Husband contends the court erred by combining the properties and treating them as one for the purposes of the accounting. We affirm as to the issue raised by the Former Wife, but reverse as to the issue raised by the Former Husband.
The original final judgment of divorce was entered in December 1990. It awarded the Former Husband “all of the businesses known as K & K Foreign Car Parts, Inc., and K & K Motors, Inc.,” as well as the assets connected with those companies. In addition, the original judgment awarded the parties joint ownership of two parcels of commercial property that *281 were part of the marital estate. The first property was located on Oakridge Road and was being leased to a commercial tenant. This was the “Oakridge Property.” The second property, located on Tiner Avenue and known as the “Tiner Property,” was used by the Former Husband to operate K & K. The original divorce judgment awarded these properties to the parties as tenants-in-common, with the Former Husband receiving a 75% ownership interest and the Former Wife receiving a 25% ownership interest. The parties were also ordered to apportion the rental income and expenses on that basis.
From the time of the divorce in 1990 until the time of this lawsuit in 2008, the two properties were used exactly as they were at the time of the divorce. That is, the Former Husband used the Tiner Property for his business, and the Oakridge property was leased to a commercial tenant. The only difference was that the parties’ son came to use part of the Tiner Property for an auto body business, of which the Former Wife was well aware.
The Former Husband never made any accounting to the Former Wife as to either property. The Former Husband did, however, pay the Former Wife a sum each month representing her share of the net rents that he received from the Oakridge Property. The Former Husband made these payments for almost 19 years after the divorce, periodically increasing the amounts over that time. At the trial of this cause in 2009, it was undisputed that the Former Husband’s payments to the Former Wife had totaled $51,900.
With regard to the Tiner Property, no rental income was ever collected. The Former Husband was in exclusive possession of that property and used it for his business. While the parties’ son also used part of the Tiner Property for his business, he was never requested to pay rent. The Former Wife, as a tenant-in-common, was never formally excluded from the property, though it is apparent that she and the Former Husband did not think highly of each other and she rarely visited the property. The trial court made a specific finding, supported by the evidence, that the Former Wife was never ousted from the Tiner Property.
In performing the accounting, the trial court combined the Oakridge and Tiner Properties, treating them as one for purposes of calculating each party’s share of income and expenses. The court concluded the Former Husband owed a total sum of $7,787 to the Former Wife for both properties. In reaching this number, the court used the actual rental income and expenses for the Oakridge Property, and it used the fair rental value and actual expenses for the Tiner Property (reduced by 30% for the portion occupied by the son).
It is the contention of the Former Husband in his cross-appeal that the properties should not have been treated as combined for the accounting. We agree.[1] The difficulty with the trial court’s decision to treat the two properties as “combined” is that distinct legal principles apply to each parcel.
With regard to the Tiner Property, the law is clear that “a tenant in common who has exclusive possession of real property and who uses it for [his] own benefit without receiving any rents or profits therefrom, is not liable or accountable to a co-tenant out of possession unless such possession is adverse to or as a result of ouster.” Goins v. Goins, 762 So.2d 1049, 1050 (Fla. 5th DCA 2000). Here, there was no ouster of the Former Wife *282 from the Tiner Property and the original divorce judgment did not give her exclusive possession. Accordingly, the Former Husband is deemed to have occupied the property on behalf of both parties, and the Former Wife was not entitled to rent except as an offset against any claim the Former Husband might make for contribution toward property expenses. See id.; see also Barrow v. Barrow, 527 So.2d 1373 (Fla.1988). The Former Husband never made a claim for property expenses against the Former Wife. The evidence of such expenses at trial was offered by the Former Husband to respond to the Former Wife’s claim for fair rental value. However, since the Former Husband never collected rent on the Tiner Property, the Former Wife was not entitled to an accounting of actual rents received on that property. Moreover, to the extent that the Former Wife’s claim for fair rental value prompted the Former Husband to request contribution for expenses, the fair rental value could be used as a credit or offset against the expenses, but not as an affirmative claim. Thus, at most, a net zero was awardable to the Former Wife for the Tiner Property.[2]
That leaves us with the Oakridge Property, which continued to be leased to a third party for 19 years following the divorce. It is well settled that tenants-in-common share property expenses in proportion to their ownership interest, and that one “cotenant is accountable to the other cotenant only for actual rent received from third parties.” Fischer v. Fischer, 503 So.2d 399, 401 (Fla. 3d DCA 1987); see also Goolsby v. Wiley, 547 So.2d 227, 229 (Fla. 4th DCA 1989). Thus, with regard to the accounting on the Oakridge Property, the Former Wife was entitled to her proportionate share of actual rental income, less her proportionate share of necessary expenses. The parties stipulated that the actual rent received on the Oakridge Property in the years following the divorce totaled $205,338. The expenses on the Oakridge Property totaled $113,798.80,[3] leaving a net income of $91,539.20. The Former Wife’s 25% share of the net income would be a sum of $22,884.80, yet she had received a total 'of $51,900 in payments from the Former Husband over the years. Thus, the Former Wife received an excess of $29,051.20, which is owed to the Former Husband.
Accordingly, we reverse in part and remand with directions to the trial court to enter a judgment in the amount of $29,051.20 in favor of the Former Husband, Hermann Krueger, and against the Former Wife, Norma Hughes. We affirm the supplemental final judgment in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED with instructions.
EVANDER and COHEN, JJ., concur.

. We reject without further comment the Former Wife's argument on appeal that the trial court erred in its interpretation of Paragraph 7 of the original divorce judgment (which defined the parties’ ownership interests in the properties).

. That the parties' son used part of the Tiner Property is of no moment, since they both assented to him not paying rent.

. The former husband is not entitled to reimbursement for the 1990 property taxes.