DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

LINDA M. SEABORN,

Appellant,

v.

SCOTT D. SEABORN,

Appellee.

No. 2D2024-1323
_____

June 18, 2025

Appeal from the Circuit Court for Pinellas County; Cynthia J. Newton, Judge.

Edmund J. Gegan of Gegan Law Office, PLLC, Tampa, for Appellant.

Benjamin A. Winter, St. Petersburg, for Appellee.


KELLY, Judge.

Linda Seaborn appeals from the final judgment ordering the partition and sale of a home she and her brother Scott Seaborn inherited from their mother, Martha Seaborn. Linda argues the trial court erred in awarding Scott an adjustment in the parties' shares of the sale proceeds based on her sole occupancy of the home after their mother's death in 2014. We affirm the portion of the final judgment ordering the partition and sale of the property but reverse the portion of the final judgment

awarding Scott an adjustment representing rent he claimed Linda owed because of her sole occupancy of the home.

The home Linda and Scott inherited was held in a revocable trust that became irrevocable when Martha died in 2014. Linda and Scott were cotrustees and beneficiaries of the trust. In 2021 Scott told his sister that he wanted her to either purchase his half interest in the home or put the home up for sale. By 2022 Scott had become dissatisfied with his sister's response to this request, and he asked the court to remove Linda as cotrustee. In an order dated February 6, 2023, the court removed Linda, ordered the equal distribution of the trust residue, and made Linda and Scott tenants in common, each owning a one-half interest in the property.

Several weeks later, Scott filed this action for the sale and partition of the property. His complaint alleged he was entitled to an adjustment to the proceeds from the sale of the property equaling one-half the reasonable rental value of the property beginning in 2014. The only basis he asserted for claiming he was owed rent was the fact that Linda had been the sole occupant of the property during that time. Based on this allegation, the trial court ultimately awarded Scott 117 months of rent dating back to May 2014. Neither Scott's complaint, the evidence Scott offered in support of his claim, nor the trial court's order cite any legal basis for awarding Scott back rent other than Linda's exclusive possession since 2014. This was error.

The record in this case contains nothing that would support the award of back rent to Scott. Before 2023 the property was held in trust. While the property was held in trust, any rent payments Linda might have been obligated to make should have been made to the trust. *See Kersey v. Abraham*, 394 So. 3d 68, 72 (Fla. 6th DCA 2024) ("Since the

2

Trust remained the holder of title, the trial court correctly found that Appellant breached her fiduciary duties as Successor Trustee by occupying the [trust property] without compensating the Trust.").  As the court in *Kersey* explained, the beneficiaries did not have individual rights to collect rent while the property was under the trust's control.  *Id.*

To the extent Scott's claim is based on the fact he and Linda were cotenants, the cotenancy was created by a final judgment dated February 6, 2023; therefore, the earliest Scott would be entitled to credit for rent is from that date.  *See, e.g., Barrow v. Barrow*, 527 So. 2d 1373, 1374 (Fla. 1988) (noting that a cotenant in a partition action was only entitled to credit from the date the cotenancy was created).  As for his entitlement to rent during the cotenancy, the supreme court has explained: "[W]here one cotenant has exclusive possession of lands and uses the lands for his or her own benefit and does not receive rents or profits therefrom, such a cotenant is *not* liable or accountable to the cotenant out of possession unless he or she holds adversely or as a result of ouster or its equivalent."  *Id.* at 1377.  Rather,

> the possession of a tenant in common is presumed to be the possession of all tenants until the one in possession communicates to the other the knowledge that he or she claims the exclusive right or title and there can be no holding adversely or ouster by the cotenant in possession unless the adverse holding is communicated to the other . . . .

*Id.*  Scott neither alleged nor proved acts by Linda amounting to ouster, and the trial court made no finding of such acts or any communication by Linda to Scott that she claimed exclusive ownership of the property. The award of rent was based exclusively on Linda's sole occupancy of the property, which, as a matter of law, is not a basis upon which Scott could have been entitled to rent.  *See id.* at 1375–76 (reaffirming that ouster cannot be presumed from exclusive possession, even "for a great

3

length of time," and that the cotenant out of possession must show that his cotenant has claimed exclusive ownership before he can claim entitlement to rent (first quoting *Stokely v. Connor*, 68 So. 452, 459 (Fla. 1915); then citing *Coggan v. Coggan*, 239 So. 2d 17, 19 (Fla. 1970))).

Accordingly, while we affirm the portion of the judgment ordering the partition and sale of the property, we reverse the $117,000 credit to Scott for rent.

Affirmed in part and reversed in part.

NORTHCUTT and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.