# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1510
Lower Tribunal No. 19-13245-CA-01
_____

**Megan Cauble,**
Appellant,

vs.

**Gregory Kaczmarski,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Warren Gammill & Associates, P.L., and Warren P. Gammill, for appellant.

No appearance on behalf of appellee.[1]

Before SCALES, C.J., and MILLER, and GORDO, JJ.

---

[1] Appellee was precluded from filing an answer brief after failing to adhere to court-imposed time standards.

MILLER, J.

Appellant, Megan Cauble, appeals a final judgment rendered by the trial court in consolidated partition actions. The judgments distributed the proceeds garnered from the court-ordered sale of two condominium units, Castle Beach and Porto Bellagio, which Cauble jointly owned with her former fiancé, appellee, Gregory Kaczmarski, and awarded statutory attorney's fees and costs. We summarily affirm on all grounds, save the allocation of carrying costs and preclusion of expert testimony on fair rental value.

## BACKGROUND

Cauble and Kaczmarski jointly purchased Castle Beach and Porto Bellagio together over two decades ago. Two years later, they ended their relationship. Each agreed to assume possession of a single property. Cauble moved into Castle Beach, and Kaczmarski began residing at Porto Bellagio. The respective carrying costs were to be borne by the party in possession.

In December of 2009, Cauble lost her job and determined she could no longer afford to maintain Castle Beach. She surrendered possession of the unit to Kaczmarski. The following month, he began renting out the property to vacationers through Airbnb and HomeAway. Cauble and her friends rented the unit from Kaczmarski on several occasions.

2

In 2019, Cauble filed suit in the circuit court seeking to partition Castle Beach and Porto Bellagio. Kaczmarski answered, raised affirmative defenses, and counterclaimed for breach of contract, equitable lien foreclosure, unjust enrichment, and accounting. He contended that Cauble had previously agreed to relinquish any ownership interest in Castle Beach in exchange for a lump sum of $10,000, which was payable upon satisfaction of the mortgage.

After Kaczmarski served a motion for sanctions and a safe harbor letter under section 57.105, Florida Statutes (2019), Cauble abandoned the aspect of her action relating to Castle Beach. Incongruently, Kaczmarski then retained separate counsel and filed an independent lawsuit to partition Castle Beach. Cauble counterclaimed in that suit and reasserted her abandoned partition claim.

Kaczmarski did not file a responsive pleading. The trial court struck Kaczmarski's answer and counterclaim with prejudice in the original lawsuit and dismissed his second complaint. The court then entered a partial summary judgment of partition as to both properties against Kaczmarski.

A court-ordered sale ensued, and the trial court convened a nonjury trial to determine the proper allocation of proceeds and fees. At trial, Kaczmarski sought contribution from Cauble for the Castle Beach carrying

3

costs. Cauble attempted to present expert testimony to offset the contribution claim by the reasonable rental value of the property. The trial court denied her request.

At the end of the trial, the court found that Cauble was in joint possession of both units after she surrendered Castle Beach to Kaczmarski. The court denied Cauble's request for a credit as to certain delinquent carrying costs that had been deducted from the Porto Bellagio sale proceeds and afforded Kaczmarski a credit for all of the Castle Beach carrying costs from 2010 to 2022, which consisted of $293,000. This appeal followed.

## STANDARD OF REVIEW

We review factual findings in a nonjury trial court for competent, substantial evidence. See Q.G.S. Dev., Inc. v. Nat'l Lining Sys., Inc., 386 So. 3d 596, 598 (Fla. 3d DCA 2024). In doing so, we recognize that the trial judge has the "superior vantage point to see and hear the witnesses and judge their credibility." Guzman v. State, 721 So. 2d 1155, 1159 (Fla. 1998).

## ANALYSIS

Chapter 64, Florida Statutes governs partition actions in Florida. Such actions lie in chancery; hence, they are equitable in nature. See § 64.011, Fla. Stat. (2019). Following a partition sale, the trial court is charged with first determining each owner's percentage of ownership and then

4

proportionally distributing the partition proceeds. <u>See</u> § 64.071, Fla. Stat. (2019); <u>see also</u> <u>Biondo v. Powers</u>, 743 So. 2d 161, 163 (Fla. 4th DCA 1999).

In partition proceedings, the trial court must conduct an accounting to determine whether joint owners have borne an equal share of the expenses. In this vein, cotenants ordinarily have a mutual obligation to pay carrying costs on a jointly owned property. <u>See</u> <u>Lupo v. Lawson</u>, 301 So. 3d 366, 368 (Fla. 2d DCA 2020). A cotenant bearing a disproportionate share of carrying costs is entitled to reimbursement in the form of a credit upon the sale of the property. <u>See</u> <u>Goolsby v. Wiley</u>, 547 So. 2d 227, 228 (Fla. 4th DCA 1989).

Equally established is the principle that "when a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset by cotenants out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent it has exceeded his or her proportionate share of ownership." <u>Barrow v. Barrow</u>, 527 So. 2d 1373, 1377 (Fla. 1988). If the reasonable rental value exceeds the cotenant's claim, the claim for rental value is limited to the amount of the contribution claim. <u>See</u> <u>id.</u>

Against these principles, we examine the case at hand. Here, the court determined the parties owned an equal interest in each unit. That conclusion is supported by competent, substantial evidence.

The undisputed evidence further established that the parties agreed Kaczmarski would have exclusive possession and use of Porto Bellagio and pay all carrying costs after they called off their engagement. Indeed, Kaczmarski stipulated through counsel that he was not seeking Porto Bellagio carrying costs from Cauble. Consequently, Cauble should have received a credit for one-half of the delinquent charges that were deducted from the proceeds.

The finding regarding joint possession after 2010 as to Castle Beach is unsustainable. Cauble surrendered the unit to Kaczmarski after she lost her employment. Kaczmarski began renting out the property and retained the rental proceeds. Cauble had no key and paid rent to Kaczmarski to stay in the unit with friends.

Given these circumstances, Kaczmarski's possession and use was disproportionate to his fifty-percent ownership interest. As an out-of-possession cotenant, Cauble was entitled to receive a credit for, at a minimum, half of the Castle Beach carrying costs. She was further authorized to present expert testimony as to fair market value to offset those costs. See id. (holding that a cotenant is not in possession of property when communications between cotenants show ouster of that cotenant); see also Goins v. Goins, 762 So. 2d 1049, 1050 (Fla. 5th DCA 2000) (explaining that

6

even in cases where one tenant resides in the property but does not have exclusive possession, the nonresident tenant is entitled to rent "as an offset against the resident tenant's claim for a contribution to property expenses"); Brisciano v. Byard, 615 So. 2d 213, 214 (Fla. 1st DCA 1993) (affirming trial court's order offsetting contribution sums "for mortgage payments, taxes, and insurance paid" on property held as tenants in common by "reasonable rental value" where in-possession tenant lived in property during exclusive possession and there was no exclusive, adverse possession or ouster); Ombres v. Ombres, 549 So. 2d 1113, 1114 (Fla. 4th DCA 1989) ("[T]he supreme court in Barrow held that the wife, despite the husband's failure to communicate his adverse possession, was entitled to claim a reasonable rental value for the property, but only as a set-off to the husband's claim for maintenance costs."); McCarthy v. McCarthy, 922 So. 2d 223, 226 (Fla. 3d DCA 2005) ("[I]f one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share. . . . [U]pon partition . . ., the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant's proportionate share of those expenses."). Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.